UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCES OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC,<br><br>      Defendants. | Case No. 3:21-cv-00377-SMY<br><br>Judge Staci M. Yandle |

**DEFENDANT HAMILTON COUNTY COAL, LLC AND WHITE COUNTY COAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Hamilton County Coal, LLC and White County Coal, LLC, (collectively "Defendants") by and through their attorneys, respectfully move the Court to dismiss Plaintiff's Count III of his Complaint for alleged violation of the Illinois Wage Payment Collection Act with prejudice and states as follows:

1. As support for this Motion, Defendants rely upon, and incorporates herein, the contemporaneously filed *Memorandum of Law in Support of Their Motion to Dismiss in Part* ("Memorandum").

2. As discussed in the Memorandum, the Court should dismiss Plaintiff's claim under the Illinois Wage Payment and Collection Act ("IWPCA"), with prejudice, because Plaintiff has failed to state a viable cause of action and his claim fails as a matter of law. Plaintiff purports to assert a claim under the IWPCA, but he has failed to allege the existence of

an enforceable agreement between Plaintiff and Defendants. Absent such an agreement, there can be no actionable IWPCA violation.

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Count III of his Complaint for alleged violation of the Illinois Wage Payment Collection Act with prejudice.

**Date: July 2, 2021**                              Respectfully submitted,

HAMILTON COUNTY COAL, LLC,
and WHITE COUNTY COAL, LLC.,,

By: */s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Jennifer A. Riley
jriley@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCES OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC,<br><br>                Defendants. | Case No. 3:21-cv-00377-SMY<br><br>Judge Staci M. Yandle |

**DEFENDANT HAMILTON COUNTY COAL, LLC AND WHITE COUNTY COAL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS IN PART**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Hamilton County Coal, LLC and White County Coal, LLC (collectively "Defendants") hereby file their Memorandum of Law in support of their Motion To Dismiss Plaintiff's Complaint In Part.

**INTRODUCTION**

Plaintiff filed suit against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and Illinois Wage Payment and Collection Act ("IWPCA"), seeking relief on behalf of himself as well as "current and former coal miners employed by Defendants." (Compl. ¶ 1.) The Court should dismiss Plaintiff's claim under the IWPCA because Plaintiff has failed to state a viable cause of action and his claim fails as a matter of law. Plaintiff has asserted little more than speculation and conclusions that are insufficient to meet basic pleading requirements. Plaintiff purports to assert a claim under the IWPCA, but he has failed to allege the existence of an enforceable agreement between Plaintiff

3

and Defendants. Absent such an agreement, there can be no actionable IWPCA violation. Thus, for the reasons set forth in more detail below, Plaintiff's IWPCA claim against Defendants fails as a matter of law and, therefore, the Court should grant Defendants' Motion to Dismiss.

## ARGUMENT

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must set forth a "short and plain statement of claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions. A "bare averment that he wants relief and is entitled to it" is not sufficient, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the U.S. Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*. . . . Rule 8 marks a notable and generous department from the hyper-technical, code-leading of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*.

*Id*. at 678-79 (emphasis added). Plaintiff must set forth factual allegations that raise his right to relief "above the speculative level." *Twombly*, 550 U.S. at 555. That is, to survive a motion to dismiss, he must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a plaintiff pleads facts that are "merely consistent with" a defendant's liability, he "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations omitted). In this case, Plaintiff has not met the standard outlined in *Iqbal* and *Twombly*.

4

71572060v.3

**I.     TO STATE A CLAIM FOR RELIEF UNDER THE IWPCA, A PLAINTIFF MUST PLEAD FACTS SUFFICIENT TO SHOW AN EMPLOYMENT CONTRACT THAT GIVES HIM A RIGHT TO THE RELIEF HE SEEKS**

Plaintiff has not alleged the existence of an enforceable employment contract or agreement with Defendants that purportedly provides Plaintiff a right to the relief that he seeks. As a result, his claim for relief under the IWPCA fails and should be dismissed.

To maintain a claim, the IWPCA requires that a plaintiff demonstrate "a right to compensation *pursuant to an employment contract or agreement*." *Stark v. PPM America, Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (emphasis added); *see* 820 ILCS 115/2 ("[W]ages shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the [two] parties."). Accordingly, it is well established that "the only thing the [IWPCA] requires is that the employer honor his contract." *Nat'l Metal Crafters v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986); *see Lopez v. Smurfit-Stone Container Corp.*, 2003 WL 297533, at *3 ("The IWPCA did not create the plaintiffs' entitlement to overtime wages . . . the IWPCA merely requires 'that the employer honor his contract.'"); *see also Blue v. The Chubb Group*, No. 03-CV-6692, 2005 WL 1667794, at *16 (N.D. Ill. July 13, 2005) (explaining that the IWPCA does not confer rights to compensation in the absence of a contract).

To state a claim for relief under the IWPCA, Plaintiff must sufficiently plead the existence and terms of a contract or agreement that "specifically gives her a right to the wages she seeks." *Dominguez v. Micro Ctr. Sales Corp.*, No. 11-C-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) (explaining that the plaintiff may not merely allege *the existence* of an employment contract or agreement, to recover unpaid wages under the IWPCA, the plaintiff must establish the existence of an actual agreement between the parties to pay wages for every hour worked and to pay overtime compensation); *see Martino v. MCI Commc'ns Servs., Inc.*, No. 08-CV-4811, 2008 WL 4976213, at *9 (N.D. Ill Nov. 20, 2008) ("To bring a claim for

5

compensation . . . under the IWPCA, a plaintiff must show that he has a right to compensation pursuant to an employment contract or agreement.") (citations and quotations omitted); *Palmer v. Great Dane Trailers*, No. 05-CV-1410, 2005 WL 1528255, at *3 n.2 (N.D. Ill. June 28, 2005) (holding that the IWPCA does not mandate overtime pay but merely requires that the employer pay its employees the wages it has promised them).

General or conclusory allegations that an agreement existed do not suffice. *See Smith v. C.H. James Rest. Holdings*, No. 11-CV-5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) (dismissing claim because "[a] conclusory allegation that there was an agreement is not sufficient to suggest that [the parties] had the necessary mutual assent and formed an agreement concerning [the Plaintiff's] pay as it relates to his IWPCA claim."). Plaintiff must demonstrate an actual agreement or contract and cannot infer an agreement or contract from past practices. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) ("More importantly, the IWPCA requires a right to compensation pursuant to an employment contract or agreement. [The plaintiff] has no employment contract setting out the terms of his bonus. He claims that past practice constitutes a contract. However, … what [the Plaintiff] is trying to do is to use the employer's practice not to explicate a contract but to create one.") (Internal citations omitted).

Like other courts in Illinois, this Court has dismissed IWPCA claims where the plaintiff failed to sufficiently identify an agreement that entitled him to the damages that he seeks. *See, e.g., Sadler v. D.W. Mertzke Excavating & Trucking, Inc.*, No. 19-CV-1339-SMY, 2020 WL 1674353, at *2 (S.D. Ill. Apr. 6, 2020) (dismissing claim where plaintiff sought compensation at his hourly rate and failed to allege an agreement); *Dominguez*, 2012 WL 1719793, at *1 (dismissing claim where plaintiff failed to sufficiently allege an agreement); *Palmer v. Great Dane Trailers*, No. 05-C-1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (dismissing

6

claim where plaintiff failed to sufficiently allege that the defendant breached any contractual obligation to pay overtime). In *Sadler v. D.W. Mertzke Excavating & Trucking, Inc.*, No. 19-CV-1339-SMY, 2020 WL 1674353, at *2 (S.D. Ill. Apr. 6, 2020), for example, plaintiff asserted an IWPCA claim for failure to compensate the plaintiff at his hourly rate. This Court found that plaintiff failed to plead the existence of an employment contract, as required to state a claim for relief under the IWPCA, and dismissed plaintiff's claim. *Id.* ("In any event, there is no allegation in the Complaint that Sadler is a party to an employment contract or agreement such that the IWPCA would apply to his claim for wages.").

The same result should follow in this case.

## II. PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO ADVANCE A VIABLE IWPCA CLAIM

Plaintiff has failed to plead facts demonstrating an employment contract or agreement with Defendants that entitle him to the overtime wages that he seeks. Plaintiff's allegations, therefore, fall far short of what is required to plead the predicate contract or agreement for an IWPCA claim.

In Plaintiff's Complaint, he sets forth only one allegation that even remotely touches upon an alleged agreement:

> Plaintiff and other Coal Miners were paid on an hourly basis at an agreed hourly rate, and in addition were entitled to be paid and were paid various types of bonuses.

(Compl. ¶ 48.) This conclusory allegation is insufficient for at least two reasons.

First, an alleged "agreement" to pay an hourly rate is not enforceable under the IWPCA. Courts have rejected plaintiffs' efforts to gain a longer statute of limitations for their alleged FLSA or IMWL claims by painting them as violations of the IWPCA. *See Palmer*, 2005 WL 1528255 at *4; *see also Blue*, 2005 WL 1667794 at *17. In *Palmer v. Great Dane Trailers*, 2005

7

WL 1528255 at *3-4, for instance, the court rejected a nearly identical claim because the plaintiffs could not "bas[e] an IWPCA claim on the FLSA and IMWL's requirements to pay overtime." To the contrary, "the correct route for [Plaintiffs] to obtain [alleged] earned pay, including potential overtime pay, is through timely FLSA and IMWL claims." *Id.*; *see Blue*, 2005 WL 1667794 at *17 ("[T]he proper avenue for seeking unpaid overtime when not covered by an agreement or contract is through the FLSA and IMWL, not the IWPCA.") Similarly, here, Plaintiff alleges that Defendants agreed to pay an "agreed hourly rate." (Compl. ¶ 48.) That "agreement" is wholly insufficient to support a claim under IWPCA. As such, the Court should dismiss Plaintiff's claim.

Second, Plaintiff's conclusory allegation of an "agreement" is devoid of any facts that raise his alleged right to relief beyond a speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff fails to plead the basic elements of an agreement, including by identifying the Defendant with whom he supposedly formed an agreement, or by including any factual allegations that would suggest that the parties had the necessary mutual assent to form an agreement regarding Plaintiff's compensation framework. *See Smith*, 2012 WL 255806, at *2 (holding that "conclusory allegation that there was an agreement is not sufficient to suggest that [the parties] had the necessary mutual assent and formed an agreement concerning [the Plaintiff's] pay as it relates to his IWPCA claim").

Plaintiff has provided no facts regarding the parties to any alleged agreement, the terms of the alleged agreement, where and when the parties entered into the alleged agreement, or whether and/or how the agreement allegedly was negotiated or memorialized. Plaintiff is required to plead sufficient facts – and certainly more than a single conclusory statement – to make out a claim that survives dismissal. *See Twombly*, 550 U.S. at 555 (explaining that a

71572060v.3

Plaintiff must plead "more than labels and conclusions" and that "a formulaic recitation of the elements of a cause of action will not do"). Here, Plaintiff has not alleged an agreement with any Defendant but has merely made a deficient passing reference in standalone, conclusory fashion.

Accordingly, the Court should dismiss Plaintiff's IWPCA claim because he has not – and cannot – provide facts to support the existence of a contract or agreement necessary to state an IWPCA claim.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Count III of his Complaint for alleged violation of the Illinois Wage Payment Collection Act with prejudice.

**Date:  July 2, 2021**                          Respectfully submitted,

HAMILTON COUNTY COAL, LLC,
and WHITE COUNTY COAL, LLC.,,


By:  /s/ *Gerald L. Maatman, Jr.*


Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Jennifer A. Riley
jriley@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendants*

71572060v.3

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., certify that on July 2, 2021, I electronically filed the foregoing **DEFENDANT HAMILTON COUNTY COAL, LLC AND WHITE COUNTY COAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART** with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all counsel of record, including the following:

Sarah R. Schalman-Bergen
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Camille Fundora Rodriguez
Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Katrina Carroll
Carlson Lynch, LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
*Counsel for Plaintiff*

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

71572060v.3