**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | |
|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:21-cv-00377-SMY |
| v. | Judge Staci M. Yandle |
| ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCES OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC, | |
| Defendants. | |

## DEFENDANTS ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCES OPERATING PARTNERS, L.P., AND ALLIANCE RESOURCE MANAGEMENT GP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules Of Civil Procedure 12(b)(2) and 12(b)(6), Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resources Operating Partners, L.P., and Alliance Resource Management GP, LLC, (collectively "Defendants") by and through their attorneys, respectfully move the Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction with prejudice and, in the alternative, dismiss Count III of Plaintiff's Complaint for failure to state a claim with prejudice and state as follows:

1.      As support for this Motion, Defendants rely upon, and incorporates herein, the contemporaneously filed *Memorandum of Law in Support of Their Motion to Dismiss* ("Memorandum").

72436254v.3

2.      As discussed in the Memorandum, the Court should dismiss Plaintiff's Complaint, with prejudice, because the Defendants lack the minimum contacts with the State of Illinois necessary for the Court to exercise personal jurisdiction over them.

3.      As discussed in the Memorandum, the Court should dismiss Plaintiff's claim under the Illinois Wage Payment and Collection Act ("IWPCA"), with prejudice, because Plaintiff has failed to state a viable cause of action and his claim fails as a matter of law.  Plaintiff purports to assert a claim under the IWPCA, but he has failed to allege the existence of an enforceable agreement between Plaintiff and Defendants.  Absent such an agreement, there can be no actionable IWPCA violation.

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and, in the alternative, dismiss Count III of his Complaint for alleged violation of the Illinois Wage Payment Collection Act with prejudice.

**Date:  July 2, 2021**                    Respectfully submitted,

ALLIANCE COAL, LLC, ALLIANCE
RESOURCE PARTNERS, L.P., ALLIANCE
RESOURCES OPERATING PARTNERS,
L.P., ALLIANCE RESOURCE
MANAGEMENT GP, LLC

By:  _/s/ Gerald L. Maatman, Jr._

Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Jennifer A. Riley
jriley@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendants*

ii

72436254v.3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

RICKEY CATES, individually and on behalf of    )
all others similarly situated,    )
    )
                             Plaintiff,    )    Case No: 3:21-cv-00377-SMY
    )
     v.    )    Judge Staci M. Yandle
    )
ALLIANCE COAL, LLC, ALLIANCE    )
RESOURCE PARTNERS, L.P., ALLIANCE    )
RESOURCES OPERATING PARTNERS, L.P.    )
ALLIANCE RESOURCE MANAGEMENT    )
GP, LLC, HAMILTON COUNTY COAL, LLC    )
and WHITE COUNTY COAL, LLC,    )
    )
                          Defendants.    )
    )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE**
**RESOURCES OPERATING PARTNERS, L.P., AND ALLIANCE RESOURCE**
**MANAGEMENT GP, LLC'S MOTION TO DISMISS**

**Dated:  July 2, 2021**

Gerald L. Maatman Jr.
Jennifer A. Riley
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Defendants*

72436254v.3

Defendants Alliance Coal, LLC ("ACL"), Alliance Resource Partners, L.P. ("ARLP"), Alliance Resources Operating Partners, L.P. ("AROP"), Alliance Resource Management GP, LLC ("MGP") (together, the "Improperly Named Defendants" or "Defendants") respectfully submit this Memorandum In Support Of Their Motion To Dismiss for lack of personal jurisdiction and, in the alternative, for failure to state a claim, pursuant to Federal Rules Of Civil Procedure 12(b)(2) and 12(b)(6).

## INTRODUCTION

This Court should dismiss Plaintiff's claims against the Improperly Named Defendants because the Defendants lack the minimum contacts with the State of Illinois necessary for the Court to exercise personal jurisdiction over them for purposes of adjudicating Plaintiff's claims.

First, the Improperly Named Defendants are not subject to general personal jurisdiction in Illinois because they are not incorporated in Illinois, they are not headquartered in Illinois, and they do not maintain continuous or systematic contacts with Illinois so as to be considered otherwise "at home" in the State. Plaintiff concedes these indisputable facts and purports to rely on the corporate affiliation between the Defendants and Plaintiff's employers, Defendant Hamilton County Coal, LLC ("Hamilton County Coal") and White County Coal, LLC ("White County Coal), as a basis for jurisdiction. Plaintiff's reliance, however, is misplaced because it is well settled that ownership of a subsidiary or affiliated company does not give rise to general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014).

Second, the Improperly Named Defendants are not subject to specific personal jurisdiction in Illinois because they have not purposefully availed themselves of the privilege of conducting activities in Illinois, and Plaintiff's claims or purported injuries do not arise out of any activities by the Improperly Named Defendants in Illinois. Plaintiff claims that, during his employment with Hamilton County Coal and White County Coal, he supposedly worked "off the clock" at

Mine No. 1 and the Pattiki Mine (collectively, "the Illinois Mines"), which are operated, respectively, by Hamilton County Coal and White County Coal, without receiving appropriate overtime compensation.  Plaintiff has not and cannot allege any viable facts demonstrating that the Defendants exercised any unusually high degree of control over Hamilton County Coal or White County Coal relative to their alleged employment practices or otherwise engaged in any activity in Illinois that gave rise to Plaintiff's alleged overtime claim.  As such, requiring the out-of-state Defendants to defend this suit in Illinois would offend traditional notions of fair play and substantial justice.

As a result, the Court should dismiss the Complaint against ACL, ARP, AROP, and MGP in its entirety with prejudice.  In the alternative, the Court should dismiss Plaintiff's Complaint in part because he has failed to plead sufficient facts to state a claim for relief under the Illinois Wage Payment Collection Act.

## FACTUAL BACKGROUND

On April 9, 2021, Plaintiff filed a Complaint wherein he purported to assert claims for allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). (*See* ECF No. 1, Compl.)  In sum, Plaintiff claims that he arrived early for his work shifts to "don protective gear," to attend "safety meetings," and to "gather[] tools . . . and materials" – and worked after the ends of his shifts to "doff" protective gear, "return[] tools and supplies," and "ready[] equipment" for use on future shifts – and that he did not receive proper overtime compensation for such hours.  (*Id*. ¶¶ 50-53, 60.)

Plaintiff asserts his claims against several entities, including the Defendants, along with Hamilton County Coal and White County Coal.  In the Complaint, Plaintiff concedes he was an employee of Hamilton County Coal and White County Coal, which he alleges own and operate

2

Mine No. 1 and the Pattiki Mine, respectively, where he worked.  (*Id*. ¶¶ 12-13.)  Plaintiff does not claim that he was hired, supervised, or compensated by, or performed work for, any of the Improperly Named Defendants.

Plaintiff acknowledges that the Improperly Named Defendants are "organized under the laws of the state of Delaware" and have their "principal places of business" in Oklahoma.  (Compl. ¶¶ 8-11.)  Plaintiff does not allege that the Defendants maintain offices in Illinois or conducted or operated their businesses in Illinois.  (Compl. ¶¶ 8-11.)  Rather, Plaintiff bases his assertion of personal jurisdiction against the Defendants on conclusory allegations that:  (1) the Defendants "maintain continuous and systematic contacts with Illinois"; (2) the Defendants "are the parent entities that own and control each of the subsidiary Defendants Hamilton County Coal, LLC and White County Coal, LLC"; (3) the Defendants "operate as essentially the same entity" and "have implemented the policies, protocols, guidelines, and internal monitoring systems used in the Illinois Mines"; and (4) the Defendants "have availed themselves of Illinois, because they regularly conducted business in Illinois, and because the FLSA violations occurred in Illinois."  (Compl. ¶ 4.)

Plaintiff, however, does not support his conclusions with factual allegations and, in any event, such assertions are insufficient to demonstrate personal jurisdiction.  Plaintiff, for example, does not allege facts, apart from his conclusory allegations, showing that any of the Defendants exercised control over the hiring or supervision of Plaintiff, the work schedule or overtime hours worked by Plaintiff, or the compensation of Plaintiff for his work hours or the calculation of Plaintiff's regular rate of pay for overtime purposes.  In any event, the sworn declarations submitted herewith show that Plaintiff's conclusions are not supported by, and contradict, the facts.

Contrary to Plaintiff's unsupported conclusions, Plaintiff does not allege facts suggesting that Defendants "jointly operated" the mines in Illinois where Plaintiff worked or "implemented the policies, protocols, guidelines, and internal monitoring systems" at those mines. (Compl. ¶ 4.) Rather, as Plaintiff concedes, Defendants Hamilton County Coal and White County Coal, respectively, operated Mine No. 1 and the Pattiki Mine where Plaintiff worked. (*Id.* ¶¶ 12-13.) Hamilton County Coal and White County Coal, respectively, directed their own day-to-day activities in Mine No. 1 and the Pattiki Mine, set and implemented their own policies and guidelines, made their own hiring and employment decisions, determined their own operational and work schedules, implemented their own timekeeping procedures, and compensated their own workers, including Plaintiff. (*See* Thweatt Decl. ¶¶ 11, 13-14, 17-18; Bell Decl. ¶¶ 13, 15-16, 19-20)

Further, contrary to Plaintiff's unsupported conclusions, Plaintiff does not allege facts suggesting that Defendants control or dominate Hamilton County Coal or White County Coal. As noted above, Hamilton County Coal and White County Coal own and operate their own businesses under their own names, independently from Defendants. (*See* Thweatt Decl. ¶ 6; Bell Decl. ¶ 6; Wynne Decl. ¶ 17-18.) The Improperly Named Defendants do not operate or direct activities at the Illinois Mines, make hiring decisions regarding workers at the Illinois Mines, set operational or work schedules for workers at the Illinois Mines, or set timekeeping policies or procedures applicable at the Illinois Mines. (*See* Wynne Decl ¶¶ 17-18, 21, 22, 26; Thweatt Decl. ¶¶ 5-7, 11, 14, 17; Bell Decl. ¶ 5-7, 13-14, 16, 19.)

Accordingly, Plaintiff has not demonstrated that the Defendants have sufficient contacts with the State of Illinois or sufficient control over Plaintiff's employers Hamilton County Coal and White County Coal for this Court to exercise personal jurisdiction over the Defendants.

72436254v.3

## ARGUMENT

Plaintiff bears the burden of showing that the Court may exercise personal jurisdiction over Defendants.  *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Rains v. PPG Indus.*, 359 F. Supp. 2d 720, 723 (S.D. Ill. Dec. 23, 2004).  For a court to exercise personal jurisdiction over a non-resident defendant, the defendant must have "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Supreme Court has recognized two types of personal jurisdiction:  "general" jurisdiction and "specific" jurisdiction.  *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif.*, 137 S. Ct. 1773, 1780 (2017).  Plaintiff has not and cannot demonstrate that the Court may exercise either general or specific jurisdiction over Defendants.

## I.    DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION IN ILLINOIS

Plaintiff has not and cannot meet his burden of showing that the Court may exercise general personal jurisdiction over Defendants because, as Plaintiff concedes, they are not incorporated or headquartered in Illinois, nor do they maintain such continuous and systematic contacts so as to render them essentially at home in Illinois.

As the Supreme Court recently clarified, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).  The "at home" forums for a corporate defendant "are the corporation's place of incorporation and its principal place of business."  *Id.* (quoting *Daimler*, 571 U.S. at 118); *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012).  In "an 'exceptional

case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State,' such as when a corporate defendant relocates its enterprise such that a different state becomes its "center of . . . activities." *Id.* (quoting *Daimler*, 571 U.S. at 139, n.19).

Here, the Defendants cannot be considered "at home" in Illinois.  As Plaintiff concedes, the Defendants are Delaware companies that maintain their primary offices in Oklahoma.  (Compl. ¶¶ 8-11.)  Plaintiff fails to provide any facts, let alone sufficient facts, showing that the Defendants have relocated their center of activities or maintained any continuous and systematic contacts so as to render them "at home" in Illinois.  *See Abelesz*, 692 F.3d at 656 ("Even taking plaintiffs' allegations as true, the alleged contacts are not sufficient to render either OTP or MKB 'essentially at home' in the United States such that a U.S. court could exercise general jurisdiction over them."); *Franklin Cash Reg., Inc. v. Amazing Dealzz*, No. 20-CV-6258, 2021 WL 1387868, at *2 (N.D. Ill. Apr. 13, 2021) ("It is clear this Court lacks general personal jurisdiction over Defendants who are domiciled in California. Defendants' only connection to Illinois is the purchase and sale of products in the forum through Amazon, but such sales via a public website are alone insufficient to establish the "continuous and systematic" contacts necessary to confer general jurisdiction.").

Contrary to Plaintiff's allegations, ownership of a subsidiary or affiliated company does not give rise to general jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (reversing ruling that entity's ownership of affiliate gave rise to general jurisdiction in California; "[t]he inquiry is . . . whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in forum State'"); *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (holding that operation of facilities in Montana, including employment of 2,000 workers, was not sufficient to render company essentially "at home" in Montana because it "is not

incorporated in Montana, does not maintain its principal place of business there" and "[a] corporation that operates in many places can scarcely be deemed at home in all of them").

In fact, the Defendants are not "at home" in Illinois.  None of the Defendants are organized in Illinois, none of the Defendants are headquartered in Illinois, and none of the Defendants otherwise maintain any center of operations in Illinois so as to render them essentially "at home" in the State.  (*See* Compl. ¶¶ 2, 5; Wynne Decl ¶ 8-12.)  Plaintiff's conclusory assertion otherwise is insufficient to demonstrate personal jurisdiction.  *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) ("Where, as here, the defendants submit evidence opposing the district court's exercise of personal jurisdiction, the plaintiffs must similarly submit affirmative evidence supporting the court's exercise of jurisdiction.").

## II. THE DEFENDANTS ARE NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN ILLINOIS

Plaintiff has not and cannot meet his burden of showing that the Court may exercise specific personal jurisdiction over Defendants because, as Plaintiff concedes, he was employed by Hamilton County Coal and White County Coal, and Plaintiff's claims that he worked without appropriate overtime compensation do not arise from any activities of the Improperly Named Defendants in Illinois.

To establish specific jurisdiction "[t]he defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there."  *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). Specific jurisdiction is therefore only appropriate where:  (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state; (2) the action or alleged injury "directly" arises out of the defendant's forum-related activities; and (3) the exercise of personal jurisdiction does not offend

7

traditional notions of fair play and substantial justice. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997); *see Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 819 (7th Cir. 2021); *N. Grain Mktg.*, 743 F.3d at 492. The defendant's contacts with the forum must not be "merely random, fortuitous, or attenuated" and "the contacts also must come from the activity of the defendant, not from the activity of the plaintiff or a third party." *Salkauskaite v. Sephora USA, Inc.*, No. 18-CV-08507, 2020 WL 2796122, at *4 (N.D. Ill. May 30, 2020).

Plaintiff must satisfy each of the enumerated elements of this test to demonstrate that personal jurisdiction is appropriate. Plaintiff here has not and cannot demonstrate that the Court may exercise personal jurisdiction over Defendants for purposes of adjudicating Plaintiff's claims.

### A.   The Improperly Named Defendants Have Not Purposefully Availed Themselves of Conducting Activities In Illinois

Plaintiff has not satisfied the first requirement because he has not – and cannot – show that Defendants purposefully availed themselves of the privilege of conducting activities in Illinois. Plaintiff does not allege facts showing otherwise but, instead, claims that Defendants "own and control" Hamilton County Coal and White County Coal such that they "operate as essentially the same entity." (Compl. ¶ 4.) As such, Plaintiff bases his assertion of personal jurisdiction on Defendants' alleged corporate ownership of these entities. Plaintiff, however, fails to plead facts to support such theory and, in any event, the Defendants do not conduct business or direct day-to-day activities of Hamilton County Coal or White County Coal or their workers in Illinois and, therefore, have not purposefully availed themselves of the forum state. (*See* Wynne Decl. ¶¶ 17-20, 22; Thweatt Decl. ¶¶ 7, 10, 14-16; Bell Decl. ¶¶ 7, 10, 14-16.)

It is well-settled that corporate ownership of a subsidiary, without more, is insufficient to exercise personal jurisdiction. *See, e.g., Abelesz v. OTP Bank*, 692 F.3d 638, 658–59 (7th Cir. 2012); *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d

934, 943–43 (7th Cir. 2000).   When considering the question of personal jurisdiction, courts recognize that a "corporation is a legal entity separate and distinct from . . . other corporations with which it may be affiliated."   *Hales v. Timberline Knolls, LLC*, No. 15 C 2622, 2017 WL 25174, at *8 (N.D. Ill. Jan. 3, 2017) (citing *Van Dorn Co. v. Future Chem. and Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985)); *see Polites v. U.S. Bank Nat. Ass'n*, 836 N.E.2d 133, 137 (Ill. App. Ct. 2005) ("In Illinois, corporations are treated as separate legal entities even where one wholly owns the other and the two have mutual dealings.").   Accordingly, parent and subsidiary companies are generally considered separate entities for jurisdictional purposes.   *Central States*, 230 F.3d at 943; *see LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 866 (N.D. Ill. 2000) (recognizing "the general rule that a subsidiary's contacts with a forum should not be used to obtain personal jurisdiction over the non-resident parent corporation").

As a result, absent an unusually high degree of control by the parent corporation, the jurisdictional contacts of a subsidiary are not imputed to the parent so as to form the basis for personal jurisdiction.   *Abelesz*, 692 F.3d at 658–59 (holding that, to overcome the "general rule that the jurisdictional contacts of a subsidiary corporation are not imputed to the parent" the parent company must exercise "an unusually high degree of control"); *Central States*, 230 F.3d at 943 ("[W]e hold that constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary.").

Plaintiff bears the burden of persuading the Court to disregard the corporate structure.   *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 958 F. Supp. 1258, 1266 (N.D. Ill. 1997), *aff'd in part, vacated in part on other grounds by IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537

(7th Cir. 1998); *Cent. States*, 230 F.3d at 945 (holding that "[c]orporate affiliation cannot serve as a basis for personal jurisdiction" because plaintiff's evidence "is insufficient to show either that corporate formalities were not substantially observed or that [the parent defendant] controlled [the subsidiary] to an unusually high degree").  "Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent," thus, imputation of the subsidiaries' contacts requires "an unusually high degree of control." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788, n.17 (7th Cir. 2003).

Here, Plaintiff cannot use the parent-subsidiary relationship to impute the jurisdictional contacts of Hamilton County Coal or White County Coal to Defendants because all of the Defendants observed corporate formalities, and none of the Defendants exercised an unusually high degree of control (or any meaningful control) over those companies. *Abelesz*, 692 F.3d at 658–659; *see Central States*, 230 F.3d at 943 (holding that, where "the parent does not dominate the subsidiary, a parent and subsidiary are two separate entities and the acts of one cannot be attributed to the other" to satisfy personal jurisdiction).

Plaintiff has not – and cannot – show that the Improperly Named Defendants exercised the requisite control over Hamilton County Coal or White County Coal because these entities own and operate their own businesses independently from the Defendants.  (*See* Thweatt Decl. ¶¶ 5-7; Bell Decl. ¶¶ 5-7; Wynne Decl. ¶¶ 17-19.)  Hamilton County Coal and White County Coal, respectively, own and operate Mine No. 1 and the Pattiki Mine where Plaintiff worked.  (Compl. ¶¶ 7, 12-14.)  Hamilton County Coal and White County Coal, respectively, make the hiring decisions with respect to the employees at Mine No. 1 and the Pattiki Mine; Hamilton County Coal and White County Coal, respectively, create the day-to-day operational and work schedules for those working at Mine No. 1 and the Pattiki Mine; Hamilton County Coal and White County Coal, respectively,

pay the wages and salaries of those working for them at Mine No. 1 and the Pattiki Mine.  (*See* Thweatt Decl. ¶¶ 11, 14, 18; Bell Decl. ¶¶ 13, 16, 20)  The Defendants, by contrast, do not own or operate the Illinois Mines where Plaintiff worked, and do not conduct such activities.  (Wynne Decl. ¶¶ 17-19, 21-22, 27.)

As a result, Plaintiff cannot impute the jurisdictional contacts of Hamilton County Coal and White County Coal to the Defendants to satisfy personal jurisdiction, and dismissal is appropriate.  *Cent. States*, 230 F.3d at 945 (holding that "corporate affiliation cannot serve as a basis for personal jurisdiction over [the corporate 'great-grandparent'] or [the corporate parent]" where (1) "[the subsidiary] conducted business as a corporate entity distinct from [the great-grandparent] and [the parent]"; and (2) "neither [the great-grandparent] nor [the parent] exercised day-to-day management control over [the subsidiary]"); *see Abelesz*, 692 F.3d at 658–59 ("The interaction alleged between MKB and Bayerische Landesbank is not sufficient to establish that Bayerische Landesbank controls and dominates MKB to such an extent that its jurisdictional contacts should be imputed MKB."); *Rains v. PPG Indus., Inc.*, 359 F. Supp. 2d 720, 725 (S.D. Ill. 2004) (holding that plaintiff's "submissions to the Court establish, at most, that companies affiliated with [the parent defendant] do business in Illinois" and "this is not enough for [plaintiff] to make a prima facie case for personal jurisdiction").

### B.  Plaintiff's Asserted Causes Of Action Do Not Arise From The Improperly Named Defendants' Activities In Illinois

Plaintiff has not satisfied the second requirement because he has not – and cannot – show that his causes of action for unpaid overtime arise from activities of the Improperly Named Defendants in Illinois.  Plaintiff does not allege facts showing that his causes of action or purported injuries arise from the Defendants' activities in Illinois but, instead, claims that Defendants were "joint employers" with Hamilton County Coal and White County Coal.  Plaintiff's conclusory

11

allegations are insufficient to demonstrate that his claims or purported injuries arise from Defendants' activities in the State.

For a court to exercise specific jurisdiction, "the suit must aris[e] out of or relat[e] to the defendant's contact with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 126). "For this reason, "[s]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). When there is no such connection to the plaintiff's claim, a Court may not exercise specific jurisdiction regardless of the extent of a defendant's unconnected activities in the State. *Id.*

Plaintiff's allegations of "joint employer" status are insufficient to make this showing. Courts throughout the country have recognized that the "joint employer" theory cannot be used "to determine whether there is personal jurisdiction over the out-of-state Defendants." *Creech v. P.J. Wichita, L.L.C.,* No. 16-CV-2312, 2017 WL 914810, at *3 (D. Kan. Mar. 8, 2017) (rejecting application of either the "joint employer" or "single integrated enterprise" theory to determine whether there is personal jurisdiction over the out-of-state defendants); *see Cent. States*, 230 F.3d at 944–45 (holding that a federal statute "cannot transmogrify insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action, since this would violate due process"); *Mendez v. Pure Foods Mgmt. Grp., Inc.*, No. 3:14-CV-1515 (SRU), 2016 WL 183473, at *4-5 (D. Conn. Jan. 14, 2016) (rejecting the notion that joint employer status could establish personal jurisdiction because it "is a threshold question" with a "constitutional element" that must be resolved "according to the ordinary personal jurisdiction doctrine").

As a result, "joint employer" status is not relevant to the personal jurisdiction analysis. *See, e.g., Green v. Fishbone Safety Sols., Ltd.*, No. 16-CV-01594, 2017 WL 4012123, at *3 (D. Colo.

Sept. 12, 2017) ("[T]he Court finds that defendants BSC and Cain's alleged status as joint employers is irrelevant to the question of personal jurisdiction."); *Wright v. Waste Pro USA Inc.*, No. 2:17-CV-02654, 2019 WL 3344040, at *11 (D.S.C. July 25, 2019) (holding that "it may not exercise personal jurisdiction over any defendant through JE / SIE theory" because "the weight of authority on this question has determined that the JE / SIE theory . . . cannot be relied upon to create personal jurisdiction").

Accordingly, Plaintiff cannot circumvent the requirements for personal jurisdiction by asserting that the Defendants are joint employers with Hamilton County Coal and White County Coal.  Instead, "[e]ach defendant's contacts with the forum State must be assessed individually" and, if the Court determines that a Defendant does not have sufficient minimum contacts with the forum, "then its personal jurisdiction analysis ends." *Cent. States,* 230 F.3d at 944.  Here, Plaintiff has not alleged any facts supporting any activity in Illinois by any of the Defendants, let alone any facts showing that his causes of action or purported injuries arise from any Defendant's activities in Illinois.

To the contrary, Plaintiff asserts three causes of action for unpaid overtime all based on his claim that he worked hours at Mine No. 1 and the Pattiki Mine without receiving proper overtime compensation for such work hours.  (Compl. ¶¶ 50-65, 100.)  Plaintiff claims that he arrived early for his work shifts to "don protective gear," to attend "safety meetings," and to "gather[] tools and materials" in Illinois – and worked after the ends of his shifts to "doff" protective gear, "return[] tools and supplies," and "ready[] equipment" for use on future shifts in Illinois – and that he failed to receive proper overtime compensation in Illinois for such hours worked in Illinois.  (*Id.* ¶¶ 50-53, 60.)

13

72436254v.3

Plaintiff concedes that Hamilton County Coal and White County Coal, respectively, operated Mine No. 1 and the Pattiki Mine. (Compl ¶ 12-13.) Plaintiff does not allege facts suggesting that any Improperly Named Defendant set his work schedule or shift times, directed his equipment usage or attendance at safety meetings, or recorded his work hours or compensated Plaintiff for his work hours. To the contrary, none of the Improperly Named Defendants set Plaintiff's work schedule or shift times, directed Plaintiff's equipment usage or attendance at safety meetings, or recorded his work hours or compensated Plaintiff for his work hours. (*See* Wynne Decl ¶¶ 22, 24-27; Thweatt Decl. ¶¶ 14-18; Bell Decl. ¶¶ 16-20.) *Cent. States*, 230 F.3d at 944–45.

As a result, the Court should dismiss the Complaint against Defendants. *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1026–27 (N.D. Ill. 2004) ("[P]laintiff has not satisfied its burden to establish specific jurisdiction" because "[t]his particular action–involving [plaintiff's] allegations of breach of contract and common law surety rights–does not arise out of any facts involving [defendants'] contacts with Madison County or the Northern District of Illinois."); *see RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1280 (7th Cir. 1997) (dismissing the complaint for lack of personal jurisdiction because (1) the "contract at issue in this case has no substantial connection with Illinois"; (2) "[defendant's] prior Illinois contacts tell the court nothing about [plaintiff's] cause of action and shed little light even on the contract generally"; and (3) "the action must *directly arise* out of the specific contacts between the defendant and the forum state") (emphasis in original).

C.     **Plaintiff Has Not Demonstrated That The Exercise Of Personal Jurisdiction Comports With Traditional Notions Of Fair Play And Substantial Justice**

Even if Plaintiff were able to satisfy the above factors, which he cannot, Plaintiff has not and cannot demonstrate that exercising personal jurisdiction over the Defendants would comport

14

with traditional notions of fair play and substantial justice because Defendants did not avail themselves of the privilege of doing business in Illinois. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014) ("Because [plaintiff] has failed to show that [defendant] has sufficient minimum contacts with Illinois, we need not go further in the personal-jurisdiction analysis by, for example, analyzing whether requiring [defendant] to defend the suit in Rockford[,] [Illinois] offends traditional notions of fair play and substantial justice.") (internal quotations omitted).

Under the third requirement for specific jurisdiction, courts consider several factors including: (1) "the inconvenience to the defendant," (2) "the forum State's interest in adjudicating the dispute," (3) the "plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 815, 819 (7th Cir. 2021) (finding that "the exercise of personal jurisdiction over [the defendants] would offend traditional notions of fair play and substantial justice" because "none of the supposed Illinois contacts asserted by [plaintiff], whether considered separately or together, constitute the requisite 'minimum contacts' among the State, the defendants, and the cause of action necessary to fulfill the requirements of due process."); *Jenkins v. Burkey*, No. 16-CV-792, 2017 WL 2571551, at *8 (S.D. Ill. June 14, 2017) (finding that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice because the facts presented do not demonstrate "purposeful availment of the privilege of conducting activities in Illinois and the benefits and protections of Illinois' laws such that [defendant] should reasonably anticipate being haled into court here").

15

Here, exercising personal jurisdiction over the Defendants does not comport with fair play and substantial justice.  First, there "would be a burden on Defendants to travel to Illinois for judicial proceedings."  *Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 891 (N.D. Ill. 2009); *see Jenkins*, 2017 WL 2571551, at *5 ("It would be a substantial burden on [defendant], who resides in Nevada and has no substantial connection to Illinois, to litigate in this forum.").  Second, Illinois does not have a strong interest in adjudicating this dispute because the Defendants are not incorporated or headquartered in Illinois, they do not have their principal offices in Illinois, and they do not direct substantial commercial activities in Illinois.  *See Primack*, 649 F. Supp. 2d at 891, 892 (finding that "it would not be fair or reasonable to require the Polto Defendants to defend this claim in Illinois," in part, because "it does not seem that Illinois has a strong interest in adjudicating this dispute based on Defendants' limited commercial activity" in the forum).  Third, because Plaintiff has sued his employers, Hamilton County Coal and White County Coal, Plaintiff's interest in obtaining relief against the Defendants is minimal.  Plaintiff can pursue legal recourse in this jurisdiction against his admitted employers, Hamilton County Coal and White County Coal.  Fourth, litigating the case against the Defendants in Illinois is by no means efficient, particularly where, as here, Defendants will be forced to travel to Illinois for the proceedings and do not have any substantial activity in Illinois.

Plaintiff has not demonstrated any of the three requirements of the Seventh Circuit's test for specific jurisdiction.  This Court, therefore, should dismiss the Complaint against Defendants with prejudice.

### III.   IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S IWPCA CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM

In the alternative, the Court should dismiss Plaintiff's Complaint in part under Federal Rule of Civil Procedure 12(b)(6).  As Hamilton County Coal and White County Coal set forth in their

Memorandum in Support of their Motion to Dismiss, which the Improperly Named Defendants hereby join and incorporate by reference, Plaintiff failed to state a claim in Count III of his Complaint for violation of the Illinois Wage Payment Collection Act ("IWPCA").

To maintain a claim under the IWPCA, a plaintiff must demonstrate "a right to compensation *pursuant to an employment contract or agreement*." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (emphasis added); *see* 820 ILCS 115/2 ("[W]ages shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the [two] parties."). Plaintiff must sufficiently plead the existence and terms of a contract or agreement that "specifically gives her a right to the wages she seeks." *Dominguez v. Micro Ctr. Sales Corp.*, No. 11-C-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) (holding that plaintiff may not merely allege *the existence* of an employment contract to recover unpaid wages under the IWPCA, the plaintiff must establish the existence of an actual agreement between the parties to pay the wages he or she seeks to recover).

General or conclusory allegations that an agreement existed do not suffice. In *Sadler v. D.W. Mertzke Excavating & Trucking, Inc.*, No. 19-CV-1339-SMY, 2020 WL 1674353, at *2 (S.D. Ill. Apr. 6, 2020), for example, plaintiff asserted an IWPCA claim for failure to compensate the plaintiff at his hourly rate. This Court found that plaintiff failed to plead the existence of an employment contract, as required to state a claim for relief under the IWPCA, and dismissed plaintiff's claim. *Id.* ("In any event, there is no allegation in the Complaint that Sadler is a party to an employment contract or agreement such that the IWPCA would apply to his claim for wages."); *see Palmer v. Great Dane Trailers*, No. 05-C-1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (dismissing claim where plaintiff failed to sufficiently allege that defendant breached any contractual obligation to pay overtime).

17

The same result should follow in this case. Plaintiff has failed to allege any agreement with any of the Improperly Named Defendants to pay the overtime wages that he seeks. In Plaintiff's Complaint, he merely asserts that "Plaintiff and other Coal Miners were paid on an hourly basis at an agreed hourly rate, and in addition were entitled to be paid and were paid various types of bonuses." (Compl. ¶ 48.) This conclusory allegation is insufficient. First, Plaintiff cannot gain a longer statute of limitations for his FLSA or IMWL claims by attempting to paint them as violations of the IWPCA. *Palmer v. Great Dane Trailers*, 2005 WL 1528255 at *3-4 (holding that plaintiffs could not "bas[e] an IWPCA claim on the FLSA and IMWL's requirements to pay overtime").

Second, Plaintiff's conclusory allegation of an "agreement" is devoid of any facts that raise his alleged right to relief beyond a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff fails to plead the basic elements of an agreement, including by identifying the Defendant with whom he supposedly formed an agreement, or by including any factual allegations that would suggest that the parties had the necessary mutual assent to form an agreement regarding Plaintiff's compensation. *See Smith*, 2012 WL 255806, at *2 (holding that "conclusory allegation that there was an agreement is not sufficient to suggest that [the parties] had the necessary mutual assent and formed an agreement concerning [the Plaintiff's] pay as it relates to his IWPCA claim").

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court dismiss the Complaint against Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resources Operating Partners, L.P., Alliance Resource Management GP, LLC with prejudice for lack of personal jurisdiction or, in the alternative, dismiss Plaintiff's Count III of his Complaint with prejudice for failure to state a claim.

18

72436254v.3

Dated:  July 2, 2021

ALLIANCE COAL, LLC, ALLIANCE
RESOURCE PARTNERS, L.P., ALLIANCE
RESOURCES OPERATING PARTNERS,
L.P., ALLIANCE RESOURCE
MANAGEMENT GP, LLC

Gerald L. Maatman, Jr.
Jennifer A. Riley
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-700
gmaatman@seyfarth.com
jriley@seyfarth.com

By:  */s/ Gerald L. Maatman, Jr.*
        Gerald L. Maatman, Jr.

Richard Griffith
Elizabeth Muyskens
Kif H. Skidmore
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
Elizabeth.muyskens@skofirm.com
kif.skidmore@skofirm.com

**Counsel for Defendants**

19

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., certify that on July 2, 2021, I electronically filed the foregoing

**DEFENDANTS ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P.,**

**ALLIANCE RESOURCES OPERATING PARTNERS, L.P. ALLIANCE RESOURCE**

**MANAGEMENT GP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with

the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all

counsel of record, including the following:

Sarah R. Schalman-Bergen
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Camille Fundora Rodriguez
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Katrina Carroll
Carlson Lynch, LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
*Counsel for Plaintiff*

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

20

72436254v.3