IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCE OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC.,<br><br>　　　　　　　Defendant. | Case No. 3:21-cv-00377-SMY<br><br>Judge Staci M. Yandle |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF OPT-IN PLAINTIFFS' FLSA CLAIMS**

**I.    INTRODUCTION**

Plaintiff Rickey Cates moves this Court for an order tolling the FLSA statute of limitations for all potential opt-in plaintiffs from the date that Plaintiff's Motion for Conditional Certification and to Facilitate Notice Pursuant to Section 216(b) of the Fair Labor Standards Act ("Notice Motion")[1] (ECF No. 29) was fully briefed – September 9, 2021 – to the date notice is sent after the Court rules on Plaintiff's Notice Motion, so as to mitigate the prejudice to potential opt-in plaintiffs. The delay in ruling is caused by factors that are outside of Plaintiff's control.

---

[1] The Notice Motion requests that the Court authorize notice to be sent to "all current and former non-exempt employees who performed work in underground mines or surface coal preparation plants in Illinois, and who were employed by Defendants between April 9, 2018 and the present."

This is a class and collective action on behalf of Coal Miners who worked at Defendants' Hamilton County Complex and White County (Pattiki) Mining Complex in Illinois, alleging nonpayment of wages before and after their shift as well as failure to incorporate bonuses in their regular rate, in violation of the Fair Labor Standards Act and Illinois state law. Coal miners who work at Defendants' other coal mines in Kentucky, West Virginia and Indiana have alleged similar timekeeping and pay violations.[2] Court-approved notice has already been sent out to more than 1,500 coal miners who performed work at the three Alliance coal mines at issue in the *Branson* case and to more than 300 coal miners who performed work at the Alliance coal mines at issue in the *Brewer* case in the Kentucky federal district courts. *See Branson v. Alliance Coal, LLC*, No. 4:19-cv-00155-JHM, 2021 WL 1550571 (W.D. Ky. Apr. 20, 2021); *Brewer v. Alliance Coal, LLC*, CV 20-41-DLB-EBA, 2021 WL 3057379 (E.D. Ky. July 20, 2021).

Plaintiff filed his Notice Motion on July 23, 2021. (ECF No. 29). Defendants filed their oppositions to Plaintiff's Notice Motion on September 9, 2021 (ECF Nos 47-48). By statute, the limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action. 29 U.S.C. § 256(b). Plaintiff moves the Court for an order equitably tolling the FLSA statute of limitations during the period between when the Notice Motion was fully briefed to the date of the Court's ruling on Plaintiff's Notice Motion, so as to ensure that potential opt-in

---

[2] *See Branson v. Alliance Coal, LLC*, No. 4:19-cv-155 (W.D. Ky.) (Warrior, River View and Dotiki Mines); *Brewer v. Alliance Coal, LLC*, No. 7:20-cv-00041-DLB (E.D. Ky.) (MC Mining/ Excel Mines); *Johnson v. Alliance Coal, LLC*, No. 21-C1-157 (Hopkins Co. Cir. Ct.) (Seebree-Onton Complex Mine and Elk Creek Mine); *Prater v. Alliance Coal, LLC*, No. 3:21-cv-00066-RLY-MPB (S.D. Ind.) (Gibson Complex Mines); *Rettig and Hinkle v. Alliance Coal, LLC*, No. 2:21-cv-00008 (W.V.) (Mettiki and Tunnel Ridge Mines).

plaintiffs whose claims would otherwise be timely have the opportunity to receive notice of the lawsuit and their rights under the FLSA.[3]

Such equitable tolling requests are granted where a motion for conditional certification has been filed, but there has been a delay in the court's ruling on it. *See*, *e.g.*, *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860–61 (N.D. Ill. June 11, 2013) (tolling the statute of limitations during the pendency of a motion for conditional certification and citing its own "excessive delay" in ruling on the motion and the absence of fault on the part of the plaintiff as the bases for equitable tolling) (collecting cases); *Watt v. Fox Restaurant Venture, LLC*, No. 17-cv-2104, 2019 WL 698058 (C.D. Ill. Feb. 20, 2019) (finding that delay of seven months should not count towards the putative collective members' deadlines to file their claims and join the action). Plaintiff respects the Court's time and its busy docket, and files this motion to mitigate any prejudice to potential opt-in plaintiffs. As such, Plaintiff requests that the Court order the statute of limitations be equitably tolled for all potential opt-in plaintiffs. The Parties have met and conferred and Defendants oppose Plaintiff's request.

## II.     ARGUMENT

Plaintiff requests that the Court order that the statute of limitations be equitably tolled for all potential opt-in plaintiffs as a result of the aforementioned period of delay so as to mitigate the concurrent prejudice to potential opt-in plaintiffs.

A litigant can assert the rights of third parties—such as a request to toll the statute of limitations—if three conditions are met: (1) the plaintiff has an injury in fact; (2) there was some

---

[3] Plaintiff previously opposed Defendants' Motion to Trifurcate – filed on October 5, 2021 – for the very reason that the statute of limitations continues to run on potential opt-in plaintiffs until they file an opt-in consent form on the docket to toll the statute of limitations on their claims. ECF No. 55. The Court denied Defendants' motion for trifurcation on October 5, 2021. ECF No. 56.

hindrance to the third parties in asserting their own rights; and (3) the plaintiff shares a close relationship to the third parties. *Watt*, 2019 WL 698058, at *7 (finding that standing existed to assert rights of potential opt-in plaintiffs because plaintiffs had a "close relationship" with the potential opt-in plaintiffs based on shared common issues and the order conditionally certifying the group as similarly situated).

By statute, the limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action. 29 U.S.C. § 256(b). The inherent benefits of the collective action are eviscerated if plaintiffs are not notified of the suit before their . . . limitations [period] expires." *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, No. 09-377, 2009 WL 1324045, at *1 (W.D. Pa. May 11, 2009). It is for this reason that, when proceeding in litigation involving FLSA claims, "**time [is] of the essence**." *See id*. (emphasis added). As the Supreme Court noted in *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires

The FLSA statute of limitations, like any other federal limitations period, is subject to the doctrine of equitable tolling. Equitable tolling may be applied if it is shown that (1) the party has diligently pursued his or her rights and (2) some extraordinary circumstance stood in the way and prevented timely filing. *Bergman v. Kindred Healthcare, Inc.,* 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013). Some Courts also consider whether such tolling prejudices the defendant. *Lucas v. JJ's of Macomb, Inc.*, 321 F. Supp. 3d 882, 888 (C.D. Ill. 2018) (finding that tolling will not unfairly prejudice a defendant who knew the potential scope of its liability when the complaint was filed).

Courts in the Seventh Circuit, and around the country, have found that excessive delay in ruling on a motion for conditional certification constitutes grounds for equitable tolling. *Bergman*,

949 F. Supp. 2d at 860 ("The long delay in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of this lawsuit."); *see also Koch v. Jerry W. Bailey Trucking, Inc.,* 482 F. Supp. 3d 784, 799 (N.D. Ind. 2020) (ordering equitable tolling when due to delay between certification and notice); *Pfefferkorn v. PrimeSource Health Group, LLC*, No.17-cv-1223, 2019 WL 354968, at *8 (N.D. Ill. Jan. 29, 2019) (tolling statute of limitations for all potential opt-in plaintiffs from the date plaintiff began effort to request conditional certification). For example, in *Bollentino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-cv-138, 2012 WL 3263941 (E.D. Tenn. Aug. 9, 2012), the court granted plaintiff's motion to toll the statute of limitations on behalf of potential opt-in plaintiffs until any stay in discovery was lifted, holding:

> In this case, the Court finds that the request for equitable tolling is well-taken. The Court finds the potential opt-in plaintiffs almost certainly lack notice or constructive knowledge of the filing requirement and lack knowledge of the FLSA or their potential claim. The Court further finds that the named Plaintiffs have been diligent in pursuing their rights. There will be essentially no prejudice to the Defendants because discovery has been stayed at their request, and the equitable tolling will not increase the number of persons who had claims against the Defendants. It will simply prevent preclusion of claims based upon the delay in discovery and any collective action certification.

*Id.* at *4. Courts have noted that where the resolution of a motion for conditional certification is delayed, the claims of potential plaintiffs "die daily." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).[4] The same factors here counsel for the Court to order the equitable tolling requested by Plaintiff.

---

[4] *See also Lee v. Solar Energy World, LLC*, No. RDP-19-1993, 2021 WL 915287, at *5 (D. Md. Mar. 10, 2021) (granting equitable tolling due to 81 day delay in ruling on notice motion due to COVID pandemic); *Lorenzo v. Prime Comm., L.P.*, No. 5:12-cv-69, 2014 WL 3366073 (E.D. N.C. Jul. 9, 2014) (equitable tolling granted to potential opt-in plaintiffs based on delay in notice issuing as a result of the litigation process); *McGlone v. Contract Callers, Inc.,* 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012) (delay in deciding certification motion constituted "extraordinary circumstance" justifying equitable tolling)*; Ruffin v. Entm't of the E. Panhandle,* No. 3:11–CV–19, 2012 WL 28192, at *2 (N.D. W. Va. Jan. 5, 2012) (tolling appropriate where court deferred decision on

To be sure, there is a split within district courts in the Seventh Circuit faced with similar requests. Some district courts have reached a middle ground of permitting notice to be sent to potential opt-in plaintiffs with the opportunity for individuals whose claims were otherwise tolled to seek equitable relief from the Court after they have joined the litigation if their claims would otherwise be untimely. *See, e.g., Brashier v. Quincy Property, LLC*, No. 3:17-cv-3022, 2018 WL 1210963, at *3 (C.D. Ill. Mar. 8, 2018) (noting disagreement within Seventh Circuit district courts and denying motion without prejudice to refile in certain circumstances); *Lucas v. JJ's of Macomb, Inc.*, 321 F. Supp. 3d 882 (C.D. Ill. 2018) (equitably tolling statute of limitations for potential opt-in plaintiffs when injunction of case issued due to no fault of plaintiffs over objections that such tolling will prejudice defendant or that the tolling order was premature); *Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 435 (S.D. Ill. 2012) (noting split amongst courts but granting equitable tolling based on two-month delay).

Plaintiff respectfully submits that the line of decisions in this Circuit following *Bergman* in granting equitable tolling better reflect the broad remedial purpose of the FLSA, designed to prevent wage theft to workers and to permit them to use collective action to remedy such wage violations. Refusal to toll the statute of limitations would result in hardship to the putative collective members, as the lost time would deprive them of the ability to bring their claims as part of this litigation. *Watt*, 2019 WL 698058, at *7. Plaintiff diligently requested that the Court authorize notice at the inception of this litigation. Potential opt-in plaintiffs are unlikely to know about the presence of a lawsuit, or have the ability to find a lawyer willing to take on their case for relatively small amounts of work time, especially for work that they may have been (inaccurately)

---

conditional certification until after resolution of setoff claim); *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, No. 08–CV–083–PHX–MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) (tolling appropriate where court delayed conditional certification due to motion to dismiss).

led to believe by Defendants was not compensable. The already five-month delay constitutes a substantial portion of the time putative collective members could bring their claims -- 13% of the three-year statute of limitations and 20% of the two-year statute of limitations -- not including the time it will take for the parties to finalize the form of notice and send it out once the Court has issued its Order. *See id.* (noting prejudice caused by seven month delay).

Similarly, here, the period of delay encountered because of factors outside Plaintiff's control should allow for the statute of limitations to be tolled so as to prevent the prejudice to potential opt-in plaintiffs. Otherwise, each day that goes by before other mine workers are provided with notice as well as an opportunity to file a consent opt-in to the present action is one less day for which they may recover the wages owed by Defendants.

For these reasons, Plaintiff accordingly requests that the Court grant equitable tolling as a result of the period of delay encountered in this action.[5]

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court order that the statute of limitations be equitably tolled for all potential opt-in plaintiffs as a result of the period of delay in ruling on Plaintiff's Notice Motion.

---

[5] In the alternative, to the extent the Court rules that such a motion is premature, Plaintiff respectfully requests that notice be permitted to issue to potential opt-in plaintiffs who worked from any point prior to the three years since the filing of Plaintiff's motion, so that Plaintiff may file a renewed motion with respect to any opt-in plaintiff whose claims may have expired in this interim period.

7

Dated: February 17, 2022            Respectfully submitted,

/s/ Katrina Carroll
Katrina Carroll
CARLSON LYNCH
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com

Sarah R. Schalman-Bergen, *pro hac vice*
Olena Savytska, *pro hac vice forthcoming*
Thomas Fowler, *pro hac vice forthcoming*
Krysten L. Connon, *pro hac vice forthcoming*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
ssb@llrlaw.com
osavytska@llrlaw.com
tfowler@llrlaw.com
kconnon@llrlaw.com

Camille Fundora Rodriguez, *pro hac vice*
Lane Vines, *pro hac vice*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
crodriguez@bm.net
lvines@bm.net

Eric Lechtzin
Liberato Verderame
EDELSON LECHTZIN LLP
3 Terry Dr., Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com
lverderame@edelson-law.com

*Attorneys for the Plaintiff and the
Proposed FLSA Collective and Illinois Class*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 17th day of February, 2022.

<u>/s/ Katrina Carroll</u>