## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

RICKEY CATES, individually and on behalf of all others similarly situated, )
)
)   Case No. 3:21-CV-00377-SMY
)
        *Plaintiff,* )
)
        *v.* )   Judge Staci M. Yandle
)
ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCE OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC. )
)
)
)
)
)
)
)
)
        *Defendants* )
)

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF OPT-IN PLAINTIFFS' FLSA CLAIMS

Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resource Operating Partners, L.P., Alliance Resource Management GP, LLC, Hamilton County Coal, LLC, and White County Coal, LLC (collectively "Defendants") hereby submit this Response In Opposition To Plaintiff's Motion For Equitable Tolling Of Opt-In Plaintiffs' FLSA Claims.

### INTRODUCTION

Plaintiff seeks extraordinary relief for unidentified individuals who are not parties to the action before this Court.  Under the Fair Labor Standards Act ("FLSA"), the statute of limitations does not stop running on potential claims merely because a lawyer files a lawsuit and captions it as a collective action.  Rather, in accordance with the clear statutory scheme, the statute of limitations stops running on an individual's claim only when that individual files a consent to join with the Court and becomes a party plaintiff.  Plaintiff asks the Court to alter this

1

rule and to toll the statute of limitations for individuals who are not parties to this case and who he does not represent.  He has not and cannot show that extraordinary relief is appropriate.

Equitable tolling is appropriate only when an individual "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way and prevented timely filing." Plaintiff has not and cannot meet his burden.  First, Plaintiff has not demonstrated that anyone who wishes to join this case as an opt-in plaintiff has acted diligently.  Second, Plaintiff has not demonstrated that any extraordinary circumstance stood or is standing in the way of any person's filing a consent to join this case or filing a claim.  Plaintiff has not alleged that Defendants or anyone else prevented anyone from discovering the circumstances of his or her own employment or the bases for any claim.

No extraordinary circumstances have prevented any potentially aggrieved individual from pursing a claim in this case or from filing a claim in another lawsuit.  This case has followed a typical, if not quicker than typical, timeline than similar cases of this magnitude. Indeed, if Plaintiff wanted to resolve his Motion for Conditional Certification sooner, he could have filed such motion three and a half months earlier.  Such circumstances do not provide cause for granting extraordinary relief to unknown individuals who are not before the Court and who have not made the required showing.  The Court, therefore, should reject Plaintiff's attempt to bypass the clear parameters of the FLSA based on nothing but the time inherent in the judicial process for complex claims.

## **ARGUMENT**

Plaintiff's motion to extend the statute of limitations period for potential opt-in plaintiffs should be denied because he has failed to meet his burden of demonstrating the necessary elements to obtain the "extraordinary" remedy of equitable tolling that he seeks.

79932667v.4

As stated by the Supreme Court and by the U.S. Court of Appeals for the Seventh Circuit, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Knauf Insulation, Inc. v. Southern Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016) (quoting *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 255 (2016)).  Plaintiff bears the burden of demonstrating that equitable tolling is appropriate.  *Perez v. Comcast*, No. 10-CV-1127, 2011 WL 5979769, at *3-4 (N.D. Ill. Nov. 29, 2011) (citing *Lee v. Cook Cty., Ill*., 635 F.3d 969, 972 (7th Cir. 2011).

Equitable tolling is an extraordinary remedy.  *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005) ("Equitable tolling is a doctrine used sparingly, reserved for those situations in which extraordinary circumstances [are present]"); *see Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so is rarely granted.") (internal quotation marks omitted).  Equitable tolling is warranted only when the party has diligently pursued his or her rights and some extraordinary circumstance nevertheless prevented timely filing.  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013).   Plaintiff has not demonstrated either required element and, therefore, his motion must be denied.

I.     **EQUITABLE TOLLING, WHILE ALLOWED UNDER EXTRAORDINARY CIRCUMSTANCES, IS CONTRARY TO THE STATUTORY LANGUAGE OF THE FLSA**

Under the FLSA, "[n]o employee shall be a party plaintiff to any [action to recover unpaid minimum wages or unpaid overtime compensation] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  In order to be a party plaintiff in an FLSA case, an individual must file his or her consent to join within the applicable statute of limitations period.  *See Moreno v. U.S.*, 82

3

Fed. Cl. 387, 395 (Ct. Fed. Cl. 2008).  In other words, the filing of a complaint does not stop the statute of limitations period from running – only filing a consent to opt in stops it from running as to the individual who files the consent.  As explained by one court within this Circuit, "Congress clearly intended that some period of time would pass while the courts considered whether to conditionally certify a class but did not see fit to stop the statute of limitations until a potential plaintiff opted into the case – an action that often does not occur until after a class is conditionally certified and notice is sent." *Brashier v. Quincy Property LLC*, No. 17-CV-3022, 2018 WL 1210963, at *3 (C.D. Ill. Mar. 8, 2018) (citing *Sylvester v. Wintrust Fin. Corp.*, No. 12-CV-01899, 2014 WL 10416989, at *3 (N.D. Ill. Sept. 26, 2014).

Whereas some courts have allowed tolling in "extraordinary circumstances," nothing outside the normal course of proceedings has occurred here to warrant such relief.

## II.   PLAINTIFF HAS NOT CARRIED HIS BURDEN TO SHOW THAT EQUITABLE TOLLING IS JUSTIFIED IN THIS CASE

### A.   Plaintiff Has Not Demonstrated That The Potential Opt-In Plaintiffs Have Been Diligent In Pursuing Their Rights

Plaintiff has not demonstrated the first element of equitable tolling, namely that any potential opt-in plaintiff has pursued his or her rights diligently.  Plaintiff explains his view that he himself acted diligently in seeking conditional certification of a collective action (*see, e.g.,* Pl.'s Br. at 6), but that assertion is questionable, and it does not satisfy the relevant inquiry.

First, Plaintiff waited three and a half months after initiating the lawsuit to file a motion for conditional certification.  He did not pursue discovery prior to filing his motion, and he did not submit anything with his motion that he could not have prepared or submitted earlier.  He then waited another five months and one week after the parties completed briefing on such motion for conditional certification to file the instant request for equitable tolling.  Nothing

prevented Plaintiff from acting sooner, and Plaintiff provides no explanation for these delays in his own actions.

In any event, Plaintiff's own diligence is not at issue because his counsel requests equitable tolling of the statute of limitations period for potential opt-in plaintiffs. *Soto v. Wings 'R US Romeoville, Inc.*, No. 15-CV-10127, 2016 WL 4701444, at *11 (N.D. Ill. Sept. 8, 2016) ("[C]ertainly *Plaintiff* has been diligent in pursuing this collective action. However, the question is whether the *putative class members* have been diligent.") (emphasis in original). Plaintiff is not seeking to toll the limitations period for himself; rather, he is seeking to toll the statute of limitations for potential opt-in plaintiffs who have not joined the case and who he does not represent. He must show that *they* pursued their rights diligently. He has not.

As a matter of law, the "diligence inquiry" is fact specific to each individual. As the Seventh Circuit has held, a blanket tolling order applied to all collective action opt-in plaintiffs is inappropriate. *See Powers v. Indiana Dep't of Educ. Div. of Special Educ.*, 61 F.3d 552, 560 (7th Cir. 1995). Because determining whether equitable tolling is appropriate is fact specific to each collective action member, a "blanket tolling order of the type Plaintiff envisions is inappropriate." *Puffer v. Allstate Ins. Co.*, 614 F. Supp. 2d 905, 917 (N.D. Ill. 2009) (declining to make a blanket tolling order in a class action because it did not have facts regarding whether each putative class member exercised due diligence). For this reason alone, Plaintiff's motion for tolling should be denied.

Plaintiff has offered no evidence that any potential opt-in plaintiff acted diligently. He has not identified a single person, presented a single affidavit or declaration, or provided a single piece of evidence that any individual was diligent in attempting to pursue his or her claims. In fact, two individuals were able to join this action without any collective action notice being

distributed, suggesting that others could have and should have been similarly diligent if they wished to assert claims. *See* ECF Nos. 19, 28; *see Love v. Phillips Oil, Inc.*, No. 08-CV-92, 2008 WL 5157677, at *2 & n.2 (N.D. Fla. Dec. 9, 2008) (finding equitable tolling was inappropriate where nine months had passed between the filing of the complaint and the hearing on the plaintiff's motion to certify the class in part because "there is no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period").

Although Plaintiff must demonstrate that each potential opt-in plaintiff for whom he seeks relief (rather than he himself) pursued his or her rights diligently, he wholly has ignored that burden and has not attempted to make that showing. *Sylvester*, 2014 WL 10416989, at *3 (denying equitable tolling explaining that potential opt-ins could have initiated their own lawsuit or filed a consent to join the plaintiff's during the pendency of the conditional certification motion). His silence on this issue is telling. For these reasons, Plaintiff has failed to demonstrate diligence on either his part, or the part of any potential opt-in plaintiff sufficient to justify equitable tolling of the statute of limitations on their alleged FLSA claims. This alone means the Court should deny his motion.

**B.   No Exceptional Or Extraordinary Circumstances Warrant Tolling In This Case**

Plaintiff has also failed to satisfy the second element, that such extraordinary circumstances are present here to justify equitable tolling. Instead, he points only to the fact that the Court has before it motions that it has not yet decided. This does not meet the high bar set by the Supreme Court and the Seventh Circuit for the relief he seeks. There is nothing extraordinary about the progress or pace of proceedings in this case.

6

The law anticipates a two-step certification process and also anticipates time passing between a conditional certification motion and a ruling on a conditional certification motion.  If tolling were appropriate in such circumstances, it would be the rule, not the exception.  Time between the filing of a motion, the motion's complete briefing, and a court's ruling is not at all extraordinary; rather, it happens in each and every case on the docket of every district court. *Sylvester*, 2014 WL 10416989, at *2 ("[T]hat a court may take months to rule on a fully briefed motion is (unfortunately) not extraordinary; it is, rather, the predictable and common consequence of crowded court dockets. . . .").

Courts have considered and rejected Plaintiff's approach to this issue.  *See, e.g., Nicks v. Koch Meat Co., Inc.*, 265 F. Supp. 3d 841, 859 (N.D. Ill. 2017) ("Plaintiffs have not shown how the minimal delay prevented any potential opt-in claimants from diligently asserting their rights, and thus, they have not shown that equitable tolling is warranted."); *see also Sylvester*, 2014 WL 10416989, at *2-4 (denying equitable tolling and explaining that "*some* period of time must be considered normal, rather than extraordinary, for a court to address a conditional certification motion") (emphasis in original); *Garrison v. Conagra Foods Packaged Food, LLC*, No. 12-CV-00737, 2013 WL 1247649, at *5 (W.D. Ark. Mar. 27, 2103) (denying tolling where statute of limitations ran while parties waited for the court's decision on motion for conditional certification, stating, "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one") (internal quotation marks omitted); *Greenstein v. Meredith Corp.*, No. 11-CV-2399, 2013 WL 4028732, at *1 (D. Kan. Aug. 7, 2013) (denying

tolling where "Plaintiffs do not claim that there is anything unusual about [the] case other than the amount of time taken to decide the certification motion").

Indeed, under the FLSA, tolling is the exception, not the rule. "Taking into account the statutory scheme for collective certification under the FLSA, courts have held that there is nothing extraordinary about the passage of some period of time between the filing of a motion for conditional certification and the issuance of notice to the class." *Davenport v. Charter Comm'ns, LLC*, No. 12-CV-0007, 2014 WL 2993739, at *5 (E.D. Mo. July 3, 2014). Approximately six months have passed since the filing of Plaintiff's Motion; that amount of time is not "extraordinary." *See, e.g.*, *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12-CV-1831, 2013 WL 5372529, *1, 8 (S.D. Tex. Sept. 24, 2013) (eight months); *Switzer v. Wachovia Corp.*, No. 11-CV-1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (six months); *Clay v. Huntington Ingalls, Inc.*, No. 09-CV-7625, 2012 WL 860375, at *1, 4 (E.D. La. Mar. 13, 2012) (over a year); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 799, 808-09 (S.D. Tex. 2010) (six months); *Vargas v. Gen'l Nutrition Centers, Inc.*, No. 10-CV-867, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012) (eleven months).

In *Young v. Dollar Tree Stores, Inc.*, No. 11-CV-1840, 2013 WL 1223613, at *1 (D. Colo. Mar. 25, 2013), the plaintiffs moved to toll the statute of limitations as of the date on which plaintiffs filed their motion for conditional certification. The court denied the motion. It explained that, in FLSA collective actions, a delay between filing of the complaint and ultimate conditional certification is "typical" despite the continued running of the statute of limitations. *Id*. The court reasoned that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Id*. at *2. Plaintiffs in an FLSA action have two choices – file their own lawsuits, or opt in to an existing one. *Id*. at 1-2. For these reasons,

the court did not find any extraordinary circumstances that thwarted any potential plaintiffs in their efforts to exercise either of those choices.

Similarly, in *Lewis v. Nevada Property 1, LLC*, No. 12-CV-01564, 2013 WL 237098, at *14-15 (D. Nev. Jan. 22, 2013), the court denied the plaintiffs' motion to toll the running of the statute of limitations during the period that a motion for conditional certification was pending and during the notice period.  In denying the tolling motion, the court explained that defendant's non-frivolous opposition to the motion to certify was not an "extraordinary circumstance," and nothing prevented potential opt-in plaintiffs from opting in while the motion for conditional certification was pending.  *Id*. at *14-15; *see Young*, 2013 WL 1223613, at *2 ("Generally, potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment… that form the basis of each plaintiff's FLSA claim.").  Here, similar circumstances are present.  Defendant's response in opposition to the Motion to Certify is certainly not frivolous, in light of the nearly absent support filed by Plaintiff's counsel in support of his motion and the extreme over-breadth of the collective action that Plaintiff seeks to conditionally certify.  Given the extremely overbroad and unsubstantiated collective action Plaintiff moved to conditionally certify, the length of time that has passed is not "extraordinary," but rather is in line with the ordinary course of litigation under the FLSA's statutory scheme.  In sum, Plaintiff has not presented any evidence of "extraordinary circumstances" that have prevented individuals from pursing their own claims.

Numerous other courts also have denied tolling in circumstances similar to this one.  *See, e.g., Davis v. Westgate Planet Hollywood, LLC*, No. 08-CV-00722, 2009 WL 102735, at *14 (D. Nev. Jan. 12, 2009) (denying tolling absent extraordinary circumstances); *Phelps v. MC Communications, Inc.*, No. 11-CV-00423, 2011 WL 3298414, *8 (D. Nev. Aug. 1, 2011)

(finding that tolling was not warranted where opposition to motion to certify was non-frivolous and not presented for the purpose of delay); *Williams v. Trendwest Resorts, Inc.*, No. 05-CV-0605, 2006 WL 3690686, at *8 (D. Nev. Dec. 7, 2006) (holding that tolling was not warranted); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 769-70 (N.D. Tex. 2013) (denying tolling during pendency of motion for conditional certification); *Rodriguez*, 2013 WL 5372529, at *1, 8 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Switzer*, 2012 WL 1231743, at *3-4 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months and original judge recused himself while certification was pending); *Clay*, 2012 WL 860375, at *1, 4 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for over a year); *McKnight*, 756 F. Supp. 2d at 799, 808-09 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months); *Tommey v. Computer Sciences Corp.*, No. 11-CV-02214, 2014 WL 61834, at *3 (D. Kan. Jan. 8, 2014) (rejecting equitable tolling because pending motion for certification is not extraordinary circumstance to warrant tolling).

Some delay is both anticipated and ordinary in FLSA cases.  Permitting tolling on the basis of such delay would transform the "extraordinary remedy" of equitable tolling "into a routine, automatic one."  *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008); *see also Titchenell v. Apria Healthcare Inc.*, No. 11-CV-563, 2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012) (refusing to toll the statute of limitations solely on the basis of time elapsed during the pendency of a certification motion and noting the plaintiff's failure to show that the defendant "actively misled" it respecting the existence of an FLSA claim); *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009)

(refusing to toll the statute of limitations where there was a delay in the ruling on conditional certification but also noting that the plaintiffs failed to demonstrate diligent pursuit of their claims).

Plaintiff has presented no evidence of extraordinary circumstances that warrant tolling in this case.   The Court is well within the ordinary amount of time to decide a motion in a case of this magnitude.  Nothing has prevented potential opt-ins – who are well aware of the circumstances of their own employment – from either opting in or filing their own lawsuits. Rather, Plaintiff attempts to circumvent the FLSA's statutory scheme premised on the delay inherent in the judicial process.  A delay of approximately six months for deciding conditional certification, which is less than Plaintiff's motion has been pending, is not considered to be extraordinary.  *Sylvester*, 2014 WL 10416989, at *2-4 & n.4 (delay of 6 months not extraordinary); *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 363 (W.D. Wis. 2014) (delay of 7 months not extraordinary); *Greenstein*, 2013 WL 4028732, at *1-2  (11–month delay not extraordinary).  Moreover, Plaintiff has failed to show how the "absence of a conditional certification ruling prevented other potential plaintiffs from asserting their rights[.]" *Sylvester*, 2014 WL 10416989, at *3-4; *Bitner,* 301 F.R.D. at 363-64 (delay in ruling did not prevent others from timely joining the lawsuit); *Greenstein*, 2013 WL 4028732, at *2 (rejecting equitable tolling, in part because the "opt-in plaintiffs have had the same notice of their rights and obligations available to them as did the named plaintiff in this case").[1]

---

[1] The same analysis applies to Plaintiff's alternative request for relief, namely that "notice be permitted to issue to potential opt-in plaintiffs who worked from any point to the three years since the filing of Plaintiff's motion" to allow Plaintiff to file a renewed motion to toll their claims after a ruling on conditional certification is made. (Pl.'s Br. at 7, n.5.)  The potential opt-in plaintiffs are presumed to have knowledge of their potential claims against their employer under the FLSA, and therefore should not receive the benefit of equitable tolling in any event.

11

Accordingly, Plaintiff has also failed to meet the second element necessary to justify equitable tolling of the FLSA statute of limitations.

### III.    The Case Law That Plaintiff Cites Does Not Support Tolling In This Case

The vast majority of cases cited by Plaintiff in support of his request for equitable tolling are inapposite and should not guide the Court's decision here. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), is not controlling because the language Plaintiff quotes does not appear anywhere in the majority opinion – nor does the phrase "statute of limitations."  That case also does not concern the standards for equitable tolling. *Id.* at 169 ("[T]his case presents the narrow question whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought.").

*Watt v. Fox Restaurant Venture, LLC*, No. 17-CV-2104, 2014 WL 698058 (C.D. Ill. Feb. 20, 2019), is distinguishable because, there, the entire litigation was subject to an anti-suit injunction based on concurrent cases in other courts, which was later reversed on appeal. *Id.* at *2, 7.  The same is true of *Lucas v. JJ's of Macomb, Inc.*, 321 F. Supp. 3d 882 (C.D. Ill. 2018), which involved the very same anti-suit injunction at issue in *Watt* that had to be resolved before proceeding with the litigation. *Id.* at 886 (noting that the delay in that matter was "particularly rare"); *see id.* at 887 (finding the anti-suit injunction to be an "external obstacle" under *Menominee Indian Tribe of Wisconsin*, *supra*).

Others cited by Plaintiff involved much longer delays than the one present in this case. *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013) (nearly two years); *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2019) (delay of more than one year); *Pfefferkorn v. PrimeSource Health Group, LLC*, No. 17-CV-1223, 2019 WL 354968, at *8 (N.D. Ill. Jan. 29, 2019) (eleven-month delay ordered by the Court to consider

12

motions to dismiss prior to plaintiff's motion for conditional certification); *Lorenzo v. Prime Comm., L.P.*,  No. 12-CV-69, 2014 WL 3366073, at *3 (E.D.N.C. July 9, 2014) (delay of "almost a year" since renewed motion for conditional certification was filed); *Ruffin v. Emtm't of the E. Panhandle*, No. 11-CV-19, 2012 WL 28192, at *1, 2 (N.D. W. Va. Jan. 5, 2021) (delay of more than six months after court ordered plaintiff to wait for a ruling on conditional certification until after motion for summary judgment on setoff issue under the FLSA was briefed and decided first); *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, No. 08-CV-083, 2008 WL 444639, at *22 ( D. Ariz. Sept. 30, 2008) (eight and a half month delay due to court denying motion for conditional certification without prejudice due to ordering briefing and decision on motion to dismiss to occur first).

Most of Plaintiff's remaining cases are not applicable to this situation for various other reasons. *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, No. 09-CV-377, 2009 WL 1324045 (W.D. Pa. May 11, 2009) (not applying the standards for equitable tolling governing cases within the Seventh Circuit as outlined in *Knauf*); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 12-CV-138, 2012 WL 3263492 (E.D. Tenn. Aug. 9, 2012) (same); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (same); *Lee v. Solar Energy World, LLC*, No. 19-CV-1993, 2021 WL 915287, at *5 (D. Md. Mar. 10, 2021) (same; and, in addition, the external obstacle was a Standing Order issued by the Chief Judge at the beginning of the COVID-19 pandemic extending all deadlines to respond to motions by more than 80 days); *Hoffman v. Sbarro*, 982 F. Supp. 249, 260, n.14 (S.D.N.Y. 1997) (the parties stipulated to equitable tolling, and the statements about how FLSA claims "die daily" was a quote from the plaintiff's brief, not language crafted by the court); *Pfefferkorn*, 2019 WL 354968, at *8 (defendant did not oppose equitable tolling request).

13

## CONCLUSION

Plaintiff has not met his burden to establish that each potential opt-in plaintiff for whom he seeks equitable tolling diligently pursued his or her rights, nor has he established the existence of extraordinary circumstances that would justify the rare and extreme remedy he seeks. Accordingly, Plaintiff's motion should be denied.

14

79932667v.4

**Dated: March 3, 2022**

Respectfully submitted,

ALLIANCE COAL, LLC, ALLIANCE
RESOURCE PARTNERS, L.P.,
ALLIANCE RESOURCE OPERATING
PARTNERS, L.P., ALLIANCE
RESOURCE MANAGEMENT GP, LLC,
HAMILTON COUNTY COAL, LLC, and
WHITE COUNTY COAL, LLC.,

By:  *s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman Jr.
Jennifer A. Riley
Michael L. DeMarino
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gmaatman@seyfarth.com
jriley@seyfarth.com
mdemarino@seyfarth.com

Rebecca S. Bjork
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone:  (202) 463-2400
Facsimile: (202) 828-5393
rsbjork@seyfarth.com

Elizabeth Muyskens
Kif H. Skidmore
Richard G. Griffith
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
Elizabeth.muyskens@skofirm.com
Kif.skidmore@skofirm.com
Richard.griffith@skofirm.com

*Counsel for Defendants*

79932667v.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

16