## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | | |
|---|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 3:21-cv-00377-SMY |
| *v.* | ) ) ) | |
| ALLIANCE COAL, LLC, ALLIANCE RESOURCE PARTNERS, L.P., ALLIANCE RESOURCE OPERATING PARTNERS, L.P., ALLIANCE RESOURCE MANAGEMENT GP, LLC, HAMILTON COUNTY COAL, LLC, and WHITE COUNTY COAL, LLC. | ) ) ) ) ) ) ) ) ) | Judge Staci M. Yandle |
| *Defendants* | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resource Operating Partners, L.P., and Alliance Resource Management GP, LLC (the "Defendants") hereby submit this Response to Plaintiff's submission of a Notice purporting to provide supplemental authority in further opposition to the Defendants' Motion to Dismiss For Lack Of Jurisdiction (the "Motion to Dismiss"). (ECF No. 25.) Plaintiffs' Notice of Supplemental Authority (ECF No. 71) (the "Notice") is improper on several grounds.

First, Plaintiff improperly submitted the Notice without leave of Court. Local Civil Rule 7.1(c)(2) provides that "[i]f a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief." L. Civ. R. 7.1(c)(2). Plaintiff did not seek leave of Court in accordance with the Local Rules and, therefore, his Notice should be stricken.

84376648v.2

Second, in his Notice, Plaintiff does not apprise the Court of any new authority.  Indeed, Plaintiff does not cite or attach or discuss any court decision, much less any controlling decision.  Instead, Plaintiff attempts to impugn the credibility of the Defendants by suggesting that they acted in bad faith by challenging personal jurisdiction in another matter.  Plaintiff goes so far as to request that this Court deny the Motion to Dismiss "promptly" based on his accusations rather than consider the record before it.  (ECF No. 71 at 1-2.)  Plaintiff presents nothing more than additional, improper argument.  As a result, his Notice should be stricken.

Third, Plaintiff's accusations are misleading.  In *Prater,* the Southern District of Indiana did not reject the Defendants' challenge to jurisdiction as Plaintiff contends.  (ECF No. 71.)  Rather, as to general jurisdiction, the *Prater* court held that it *lacked* general jurisdiction over the Defendants.  (*Prater v. Alliance Coal, LLC, et al.*, No. 21-CV-66 (S.D. Ind.), ECF No. 70 at 7.)  As to specific jurisdiction, the *Prater* court considered the allegations of two *Indiana* declarants, regarding their alleged activities in *Indiana*, and still found the evidence "insufficient" to establish specific jurisdiction.  (*Id.* at 9-10.)  Unlike the record here, however, the *Prater* court did not find the evidence entirely "bare, attenuated, or unsupported" and, therefore, allowed "limited discovery" regarding the issue.  (*Id.*)  Here, the Motion to Dismiss concerns the Defendants' lack of connection to *Illinois* and Plaintiff's failure to provide any factual evidence of any relevant activities by the Defendants in *Illinois* giving rise to the claims asserted by Plaintiff Cates.

Fourth, Plaintiff's Notice does not provide any authority relevant to the Motion to Dismiss.  Under the guise of "limited" jurisdictional discovery, the *Prater* plaintiff demanded responses to 295 requests for production, 95 interrogatories, and 7 depositions (which Plaintiff insisted would not count toward the limitations set forth in Rule 30), far out of proportion to the

84376648v.2

number of parties and claims at issue in that case, which involved 28 opt-in plaintiffs.  Thus, in the "development" to which Plaintiff points, the Defendants elected to withdraw their challenge to specific jurisdiction for purposes of that action.  The *Prater* court recognized:  "To conserve resources and to avoid the expense and burden of a lengthy jurisdictional discovery process in this matter, [Defendants] will *withdraw* their challenge to specific personal jurisdiction for purposes of this matter."  (*Prater v. Alliance Coal, LLC, et al.*, No. 21-CV-66 (S.D. Ind.) at ECF No. 94 (emphasis added).)  The *Prater* court did not render any decision relevant to Plaintiff here or make any finding pertinent to whether the Plaintiff in this case demonstrated activities by the Defendants in Illinois that gave rise to claims asserted by Plaintiff Cates.

Simply put, Plaintiff's Notice is procedurally improper, is misleading, and provides no information relevant to whether the Defendants are subject to personal jurisdiction in this Court.  The Defendants' withdrawal of their challenge to specific personal jurisdiction in Indiana, in a case involving 28 opt-in plaintiffs, to spare the parties in that case from extensive briefing on motions to compel disproportionate discovery and numerous depositions, is not "supplemental authority" and, in fact, is not relevant whatsoever to whether this Court properly may exercise personal jurisdiction over the Defendants for purposes of adjudicating Plaintiff's claims in Illinois.

**Dated: June 14, 2022**                                    Respectfully submitted,

                                                       ALLIANCE COAL, LLC, ALLIANCE
                                                       RESOURCE PARTNERS, L.P., ALLIANCE
                                                       RESOURCE OPERATING PARTNERS, L.P., and
                                                       ALLIANCE RESOURCE MANAGEMENT GP,
                                                       LLC


                                                       By:  s/ *Gerald L. Maatman, Jr.*_____

Gerald L. Maatman Jr.
Jennifer A. Riley

Michael L. DeMarino
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gmaatman@seyfarth.com
jriley@seyfarth.com
mdemarino@seyfarth.com

Rebecca S. Bjork
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone:  (202) 463-2400
Facsimile: (202) 828-5393
rsbjork@seyfarth.com

Elizabeth Muyskens
Kif H. Skidmore
Richard G. Griffith
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
Elizabeth.muyskens@skofirm.com
Kif.skidmore@skofirm.com
Richard.griffith@skofirm.com

*Counsel for Defendants*

4

84376648v.2

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., counsel for Defendants, do hereby certify that on June 14, 2022, I served the foregoing on the following counsel of record via ECF:

Camille Fundora Rodriguez
Shanon J. Carson
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Fax: (215) 875-4604
crodriguez@bm.net
scarson@bm.net

Sarah R. Schalman-Bergen
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
ssb@llrlaw.com

Katrina Carroll
LYNCH CARPENTER, LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
Fax: (312) 212-5919
katrina@lcllp.com

Eric Lechtzin
Liberato P. Verderame
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Fax: (267) 685-0676
elechtzin@edelson-law.com
lverderame@edelson-law.com

***Counsel for Plaintiff***

5

/s/ <u>Gerald L. Maatman, Jr.</u>

Gerald L. Maatman, Jr.
Jennifer A. Riley
Michael L. DeMarino
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gmaatman@seyfarth.com
jriley@seyfarth.com
mdemarino@seyfarth.com

Rebecca S. Bjork
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC  20004
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393
rbjork@seyfarth.com

Richard Griffith
Elizabeth Muyskens
Kif H. Skidmore
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
Elizabeth.muyskens@skofirm.com
Kif.skidmore@skofirm.com

***Counsel for Defendants***

84376648v.2