IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY CATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-377-SMY |
| | ) |
| ALLIANCE COAL, LLC et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Ricky Cates' Motion for Equitable Tolling of Opt-In Plaintiffs' FLSA Claims (Docs. 62, 63). Defendants responded in opposition (Doc. 64). For the following reasons, Cates' motion is **GRANTED**.

On April 9, 2021, Ricky Cates filed a collective and class action Complaint individually, and on behalf of all other similarly situated persons, asserting violations of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and Illinois Wage Payment and Collection Act ("IWPCA") (Doc. 1). He alleges that he and the putative class members worked as miners in Defendants' Hamilton Mining Complex in Hamilton County, Illinois and Pattiki Complex in White County, Illinois ("Illinois Mines") under Defendants' policies and practices, that he and numerous other similarly situated current and former employees at the Illinois Mines are or were in non-exempt positions, and that Defendants unlawfully failed to pay current and former coal miners employed for "off-the clock" work, overtime, and non-discretionary bonuses.

By statute, the limitations period for FLSA opt-in plaintiffs continues to run until the plaintiff(s) file a written consent to join the action. 29 U.S.C. §256(b). Equitable tolling of the limitations period may be justified if a litigant establishes that they have been pursuing their rights

diligently, but some extraordinary circumstance prevented timely filing. *Knauf Insulation, Inc. v. Southern Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016).

Here, motions to dismiss Cates' Complaint (Docs. 24, 25) and Cates' motion for conditional certification (Doc. 29) are pending and have been ripe for disposition since August 2021 and September 2021, respectively. In the usual or desired course, this Court would have issued a ruling within a few months after the motions had become fully briefed. But through no fault of the existing or potential plaintiffs, the Court's rulings have been significantly delayed. The delay presents an extraordinary circumstance which should not inure to the detriment of the potential opt-in plaintiffs. *See generally Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860-861 (N.D. Ill. 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2019).

While Defendants cite to numerous cases finding that potential opt-in plaintiffs could/should have joined in or brought their own lawsuit while the rulings were pending, that position generally ignores the realities of claims under the FLSA and would be particularly inequitable under the circumstances in this case. *See Pfefferkorn v. PrimeSource Health Group, LLC*, No. 17-CV-1223, 2019 WL 354968, at *8 (N.D. Ill. Jan. 29, 2019) (eleven month delay ordered by the Court to consider motions to dismiss prior to plaintiff's motion for conditional certification).

For the above state reasons, Plaintiff's Motion for Equitable Tolling of Opt-In Plaintiffs' FLSA Claims (Docs. 62, 63) is **GRANTED**. The running of the applicable statute of limitations will be tolled from September 9, 2021 until September 27, 2022. No tolling will be applied prior to that date and, absent another unusual delay, there will be no further tolling for the time necessary to issue the opt-in notice and process any consent forms that are received.

**IT IS SO ORDERED.**

**DATE: September 27, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**