IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY CATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-CV-377-SMY |
| | ) |
| ALLIANCE COAL, LLC et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Rickey Cates' Expedited Motion for Supplemental Notice to the FLSA Collective (Doc. 108). Defendants responded in opposition (Doc. 109).

Plaintiff Rickey Cates filed the instant collective and class action, individually and on behalf of all other similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and Illinois Wage Payment and Collection Act ("IWPCA") (Doc. 1). On September 27, 2022, this Court issued an Order granting in part Plaintiff's Motion for Conditional Certification and to Facilitate Notice under Section 126(b) of the Fair Labor Standards Act ("FLSA") and Illinois State Law (Doc. 79). Plaintiff was granted leave to send the proposed Notice and Consent Form by First Class mail and e-mail to all individuals who work or have worked for Defendants in Illinois within the last three years and who elect to opt-in to this action. (*Id.*). Defendants were directed to produce to Plaintiffs the names and last known mailing and email addresses for all individuals who work or have worked for Defendants in Illinois from April 9, 2018 – present. (*Id.*). Once Defendants produced the Collective List and Notice had been issued, collective action members would have 60 days to return a signed consent form. (*Id.*).

Following the entry of the Court's September 27, 2022 Order, Defendants provided Plaintiff with a collective list that included the names of 507 individuals, their last known mailing addresses, and the email addresses located in Defendants' business records. (Doc. 108 at p. 6). Based on that information, Plaintiff distributed notice to 503 potential collective action members via U.S. Mail and email. (*Id.* at p. 6-7). As of the end of the opt-in period on December 19, 2022, 32 individuals had opted in and 28 notices (5.5%) were returned as undeliverable. (Doc. 108-1).

On the final day of the opt-in period, Plaintiff filed the motion presently before the Court, seeking: (1) an Order requiring Defendants to conduct a thorough search for all available email addresses for putative members of the Collective; (2) an Order requiring Defendants to provide all available telephone numbers for Collective members so that Plaintiff's counsel can call to confirm their most up-to-date addresses for the Notice mailing; (3) an Order allowing Plaintiff to use text messages, posting, and remainder notices as part of a supplemental notice; and, (4) an Order extending tolling to cover the supplemental notice period and enjoining Defendants from communicating or otherwise interfering with Collective Members. The Court construes the motion as one seeking reconsideration of the September 27, 2022 Order.

To prevail on a motion for reconsideration, the moving party must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). In other words, such a motion may not be employed to rehash previously rejected arguments or rectify a party's disappointment with the order or its effect. *See, Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009); *see also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

While Plaintiff is understandably disappointed that he received only 19 email addresses for putative class members, by sworn affidavit, Defendants attest that those were the only email addresses contained in their business records – Defendants certainly have no affirmative duty to obtain or maintain email addresses for their employees.  Plaintiff also fails to present evidence that the original notice was defective or that the low return rate was due to the method of delivery.  *See Slaughter v. Caidan Mgmt. Co., LLC*, 317 F. Supp. 3d 981, 994 (N.D. Ill. 2018) (request for notice by text message was unnecessary and overly intrusive "[a]bsent some showing that U.S. mail and email notice will not reach prospective class members").  Thus, the Court maintains its position that the additional forms of notice Plaintiff seeks – by telephone and posted reminders – are unnecessary and overly intrusive.  Plaintiff has also failed to demonstrate that the opt-in period was too short or that any additional putative members would have opted in with additional time or notice.

Finally, while Plaintiff suggests that Defendants may have interfered with the opt-in process, he produces no evidence of interference or retaliation.  The Court declines the invitation to engage in speculation regarding the same.  Plaintiff's Expedited Motion for Supplemental Notice to the FLSA Collective (Doc. 108) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: January 13, 2023**

                                                                                                    _____
                                                                                                    **STACI M. YANDLE**
                                                                                                    **United States District Judge**