IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY CATES, individually and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 21-cv-377-SMY-RJD |
| v. ALLIANCE COAL, et al. | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on a discovery dispute that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). The undersigned held an informal discovery dispute conference on May 25, 2023. As explained further, Plaintiff's Motion to Compel Discovery (Doc. 114) is DENIED.

Plaintiff Rickey Cates filed this action on behalf of himself and all other similarly situated persons, alleging Defendants violated the Fair Labor Standards Acts and various Illinois statutes. Cates and all putative class members worked as miners at either the Hamilton Mining Complex in Hamilton County, Illinois or the Pattiki Complex in White County, Illinois. Plaintiff alleges that Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resources Operating Partners, L.P. and Alliance Resource Management GP, LLC own and control the subsidiary defendants, Hamilton County Coal, LLC and White County Coal, LLC. Doc. 80, p. 1. According to Plaintiff, "this case is one of six related wage and hour cases pending against Alliance Coal LLC and its affiliates." Doc. 114, p. 1. The other cases are pending in federal courts in

Indiana and West Virginia, and in federal and state court in Kentucky.  *Id.*

Plaintiff's Motion to Compel raised four issues.  First, the parties could not agree upon certain provisions in their proposed protective order.  Doc. 114, p. 2.  They have since resolved that issue and a protective order was entered.  Docs. 126, 132.  Next, Plaintiff argues that Defendants have not produced a privilege log or "*any* documents" (emphasis in the original) in response to Plaintiff's Requests for Production.  As Defendants explained, they intended to respond to certain Requests for Production once a protective order was entered.  Doc. 121, p. 16.  Defendants have also agreed to conduct electronic searches for documents responsive to certain requests.  Doc. 121-2, p. 3.  Moreover, at this point, Defendants have not "identified any documents that they are withholding on the basis of privilege" and consequently, they have not provided a privilege log.  Doc. 121, p. 4.

The Court recognizes that Defendants received Plaintiff's Requests for Production on October 14, 2022.  However, the Requests for Production were voluminous (80 requests for each of the six defendants) and Defendants served their written objections and responses to Plaintiff's requests on January 19, 2023.  Doc. 114, p. 3.  The parties subsequently engaged in lengthy negotiations regarding ESI protocol and the terms of their proposed protective order.  Doc. 115-2.  To the extent that Plaintiff now wants a ruling on specific objections made by Defendants, Plaintiff did not raise that issue in the motions that have been referred to the undersigned by Judge Yandle.  It appears that Plaintiff made no meaningful effort to confer with Defendants regarding their objections prior to filing the Motion to Compel.[1]  Accordingly, Plaintiff's Motion to

---

[1] Defense counsel wrote Plaintiff's counsel on April 10, 2023, requesting that "if there is any specific objection within a specific response to any Request for Production with which Plaintiff takes issue, please identify the objection so that the parties may have a fruitful meet and confer."  Doc. 121-2, p. 3.  Plaintiff's counsel did not respond to this letter and proceeded to file the instant Motion to Compel nine days later.

Page **2** of **4**

Compel Defendants to produce "*any* documents" and a privilege log is premature and therefore denied.

Finally, Plaintiff wants an individual named David Ross to be "named as an ESI custodian." Doc. 114, p. 2. In one of the related cases pending against Defendant Alliance Coal, LLC ("Alliance Coal") in Kentucky, Alliance Coal identified David Ross as a person with discoverable information in that case; Plaintiff attached that disclosure by Alliance Coal to the instant motion. Doc. 115-5, pp. 2, 14. In response, Defendants produced an affidavit from David Ross, stating that has never been employed by or served as an officer for any of the Defendants in this case. Doc. 121-3, p. 2. Mr. Ross further declared that his "job duties have never included responsibility for Illinois mines operated by Hamilton County Coal, LLC or White County Coal, LLC." *Id*.

Plaintiff's counsel reacted to Mr. Ross's affidavit with hyperbolic statements and veiled threats to the defense attorneys' law licenses. Plaintiff's counsel insists that Mr. Ross is an employee of Alliance Coal, LLC, stating at the discovery dispute conference that it is "incredulous and mind boggling" that Defendants would represent otherwise. Plaintiff presents the Court with a variety of documents that show Mr. Ross certainly has a significant connection to Alliance Coal, LLC (not surprising, considering that Alliance Coal has named him as a witness in other lawsuits). Doc. 124. For example, Plaintiff provides Federal Election Commission forms from 2020 that state Mr. Ross is a "coal miner" employed by Alliance Coal. Doc. 124-5, p. 2. A document labeled "Alliance Coal, LLC Phone Directory and Mailing Addresses January 30, 2020" lists Mr. Ross as a "VP of Operations" for the "Illinois Basin." Doc. 124-3, p. 4.

However, nothing before the Court clearly shows that Mr. Ross was lying when he said he has never been an employee of Alliance Coal; certainly, none of Plaintiff's documentation

shows that Mr. Ross has any electronic information relevant to *this case*. As the movant, it was Plaintiff's burden to establish relevancy. *Bell v. Pension Comm. of ATH Holding Co.*, LLC 330 F.R.D. 517, 520 (S.D. Ind. Jun 14, 2018). At this time, Plaintiff has failed to meet that burden. Plaintiff's Motion to Compel (Doc. 114) is DENIED.

**IT IS SO ORDERED.**

**DATED: June 9, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**