IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY CATES, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 21-cv-377-SMY-RJD |
| v. ) ALLIANCE COAL, et al. ) ) | |
| Defendants. ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses (Doc. 161) that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Defendants filed a Response and the undersigned held a hearing. Docs. 171 and 181. As explained further, the motion is DENIED IN PART and otherwise taken under advisement.

**Background**

Plaintiff Rickey Cates filed this action on behalf of himself and all other similarly situated persons, alleging Defendants violated the Fair Labor Standards Act and various Illinois statutes. Cates and all putative class members worked as miners at either the Hamilton Mining Complex in Hamilton County, Illinois or the Pattiki Complex in White County, Illinois. Plaintiff alleges that Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resource Operating Partners, L.P,. and Alliance Resource Management GP, LLC own and control the subsidiary defendants, Hamilton County Coal, LLC and White County Coal, LLC. Doc. 80, p. 1.

According to Plaintiff, "this case is one of six related wage and hour cases pending against Alliance Coal LLC and its affiliates." Doc. 114, p. 1. Plaintiff served Defendants with Requests for Production on October 14, 2022 and Defendants served their written objections and responses to Plaintiff's requests on January 19, 2023. Plaintiff then filed a Motion to Compel regarding those requests on April 20, 2023 that was also referred to the undersigned. Finding that Plaintiff made no meaningful effort to confer with Defendants regarding their objections, the undersigned denied Plaintiff's first Motion to Compel. Doc. 133. Since then, Defendants have produced nearly 14,000 documents in response to the Requests for Production. Doc. 171, p. 3.

In the instant motion, Plaintiff asks the Court to overrule Defendants' objections, compel production of documents, compel Defendants to produce a privilege log, and compel Defendants to schedule depositions. Doc. 161. In Defendants' response, they contend that they have been working in good faith to schedule depositions and produce additional documents and a privilege log. They also contend that Plaintiff's counsel failed to confer with them regarding objections, and that Plaintiff's "Motion to Compel was merely a place filler associated with his efforts to move the trial date." Doc. 171, p. 3. Prior to the hearing, the undersigned ordered the parties to meet and confer and then provide a status report to the Court regarding the following issues:

> (1) A list of the specific Requests for Production to which the parties have not reached an agreement regarding Defendants' objections;
>
> (2) The documents and information Defendants have agreed to produce (but have not yet done so) and the date by which they will do so;
>
> (3) The date Defendants anticipate they will have their privilege log prepared; and
>
> (4) Whether the parties have reached an agreement regarding the deposition dates for the ten witnesses listed in Plaintiffs' motion.

Doc. 179.

The parties complied with this Order and timely submitted their Joint Status Report. The report reflected that they reached an agreement on most of the issues in Plaintiff's Motion to Compel, and were attempting to reach an agreement on the remaining issues.

### Discussion

At the hearing, counsel for Defendants represented their intention to supplement their Responses to Plaintiff's Requests for Production on December 14, 2023, including their responses to Requests #10, #12, and #73 (handbooks and training materials and directives regarding when miners should be dressed and ready for shift), Request #20 (schedules and timekeeping records), and Requests #24 and 26 (documents reflecting bonuses paid and how they were calculated). However, Plaintiff's counsel "does not know if what [Defendants] are agreeing to produce for these responses] is what we need." Of course, Defendants can only produce what they have. **On or before January 4, 2024**, Plaintiff's counsel shall inform the Court in a status report whether additional arguments are necessary on Defendants' responses to Requests #10, #12, #20, #24, #26, and #73.

Defense counsel also wanted more time to confer with their clients on the difficulty in obtaining documents responsive to Request #7 (number of miners at both mines), Request #8 (payroll and timekeeping records), and #18 (video from mines). After conferring with their clients, counsel for Defendants will confer with counsel for Plaintiff. **On or before January 4, 2024**, Plaintiff's counsel shall inform the Court in a status report whether additional arguments are necessary on Defendants' responses to Requests #7, #8, and #18.

At the hearing, counsel for Plaintiffs asked the Court to rule on Defendants' objections to Request for Production #14, which asks for "all documents relating to the functionalities of the

tracking device worn on the helmets of Plaintiff and similarly situated workers." Plaintiff explained that the subsidiary defendants used a tracking system ("METS") that was required by federal regulations for safety. A tracking device is placed on the miner's helmet, and the miner scans it into the system so that the mine can keep track of which employees are underground. Plaintiff contends that the act of scanning "can constitute the first act of work for the day" and that "METS was developed for time keeping purposes." Thus, Plaintiff argues, Defendants must produce the manuals for the METS system. Defendants explain that the subsidiary mines used the METS system to comply with federal safety regulations, not for time keeping purposes, and therefore the METS manuals are irrelevant. Defendants are going to produce the scan times to Plaintiff, as they may show when miners began working each day. The Court agrees with Defendants that the record reflects no relevancy between Plaintiff's allegations and the operating manuals for the METS system. Defendants' objections to producing the METS operating manuals in response to Plaintiff's Request for Production #14 are sustained.

### Conclusion

Plaintiff's Motion to Compel Defendants' production of the METS operating manuals is DENIED. A hearing is set for January 8, 2024 at 11:00 a.m. via videoconference. The Court will hear any remaining arguments on Defendants' objections to Requests #7, #8, #10, #12, #18, #20, #24, #26, and #73. On or before January 4, 2024, Plaintiff's counsel shall submit a status report to RJDpd@ilsd.uscourts.gov regarding whether the parties have reached an agreement on Defendants' responses to Requests #7, #8, #10, #12, #18, #20, #24, #26, and #73. If there are no remaining issues, the January 8, 2024 hearing will be cancelled.

**IT IS SO ORDERED.**

**DATED: December 12, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**