IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY CATES, individually and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 21-cv-377-SMY-RJD |
| v. ALLIANCE COAL, et al. | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses (Doc. 161) that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Defendants filed a Response. Doc. 171.

In October 2022, Plaintiffs served each Defendant with 80 Requests for Production. Defendants served their written objections and responses to Plaintiff's Requests on January 19, 2023. Those objections have been the subject of two Motions to Compel, including the instant motion. The undersigned held a hearing on the instant motion on December 4, 2023. Prior to the hearing (and as ordered by the undersigned), the parties submitted a joint status report that reflected they had reached an agreement on most of the issues raised in Plaintiff's Motion to Compel, and were attempting to reach an agreement on the remaining issues. At the hearing, Defendants informed the Court that they intended to supplement their document production on December 14, 2023 and asked the Court for more time to consult with their clients regarding

additional document production. The undersigned issued a ruling on Defendants' objections to one Request for Production and set this matter for a final hearing on January 8, 2024. Doc. 182. The undersigned also ordered Plaintiff to submit a Joint Status Report on January 4, 2024 regarding whether additional arguments were necessary on Defendants' Responses to Requests #7, #8, #10, #12, #18, #20, #24, #26, and #73 and explained that if no additional arguments were necessary, then the hearing would be cancelled. *Id*.

Plaintiff submitted a status report on January 4, 2024 that stated the parties had conferred on January 4, 2024 and that Defendants intended to supplement their document production on January 12, 2024. The status report also stated that the parties were "still negotiating" certain documents requests. The status report contained no indication as to whether arguments were necessary on Requests #7, #8, #10, #12, #18, #20, #24, #26, and #73. Considering the ample opportunities the parties had to confer and to articulate their arguments regarding Defendants' objections, and considering that Defendants have had nearly 15 months to consider Plaintiff's Requests, the undersigned cancelled the January 8, 2024 hearing and issues this ruling on Defendants' objections.

On behalf of himself and all other similarly situated persons, Plaintiff alleges that Defendants violated the Fair Labor Standards Act by failing to pay their employed coal miners for "off-the-clock" work, overtime, and non-discretionary bonuses. Plaintiff and the putative class members worked as miners at either the Hamilton Mining Complex in Hamilton County, Illinois or the Pattiki Complex in White County, Illinois. Plaintiff alleges that Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P>, Alliance Resources Operating partners, L.P., and Alliance Resource Management GP, LLC own and control the subsidiary defendants, Hamilton County Coal, LLC and White County Coal, LLC.

In support of his Motion for Conditional Certification, Plaintiff submitted an affidavit from himself and an affidavit another coal miner who worked at the Hamilton Mining Complex; they attested that they spent approximately one hour each day engaged in pre-shift and post-shift tasks like putting on and removing personal protective clothing, showering, gathering tools, and attending a safety meeting (Docs. 31-12 and 31-13). The coal miners were not paid for these pre-shift and post-shift tasks. *Id*.

Plaintiff's Requests for Production #7, #8, #10, #18, #20, #24, and #26 are reasonably related to the allegations in Plaintiff's Complaint and the issues considered by Judge Yandle in conditionally certifying the class. Doc. 79. The Court has considered Defendants' written objections (Doc. 161-2; Doc. 161-3; Doc. 115-1), Response to Plaintiff's Motion to Compel (Doc. 171), and arguments at the December 4, 2023 hearing. Defendants' repeated objection is that these Requests are overbroad and unduly burdensome and not proportional to the needs of the case, but apart from merely stating these objections, Defendants have failed to provide any specific information to meet their burden of establishing the Requests are improper. Fed. R. Civ. P. 26(b)(2)(B). For example, at the hearing on Plaintiff's Motion, Defendants argued that some of the Requests exceed what is necessary to determine class certification, but Judge Yandle has ordered that *all* discovery must be completed by April 30, 2024. Doc. 170. Accordingly, Defendants' objections to the following Requests for Production are overruled:

**Request No. 7: All documents, spreadsheets, and/or lists (including electronically stored information) identifying the total number of similarly situated workers performing services for Defendants, including but not limited to documents identifying the locations at which the similarly situated workers performed work for Defendants.**

**Request No. 8. All documents relating to compensation paid by Defendants to Plaintiff and similarly situated workers, including contracts, payroll records, and paystubs.**

**Request No. 10: All training materials used by Defendants (A) to train or instruct Plaintiff**

**and/or Similarly Situated Workers regarding time reporting policies, attendance policies, or punctuality policies or (B) training materials used to instruct Defendants' supervisory employees regarding (1) time reporting policies, attendance policies or punctuality policies and/or (2) supervising Plaintiff and/or Similarly Situated Workers in Connection with those person's training in and/or adherence to time-reporting policies, attendance policies or punctuality policies.**

**Request No. 18: All video depicting any employee physically present on the premises of the Hamilton or Pattiki Mine prior to the time such employee began being paid by Defendants or after such employees ceased being paid by Defendants that day.**

**Request No. 20: All documents reflecting or relating to Plaintiff's and similarly situated workers' schedules or time records, including as documents in any timekeeping software used by Defendants, for their work performed for Defendants.**

**Request No. 24: All documents relating to the formula for or calculation of any and all bonuses that have been received by Plaintiff and similarly situated workers.**

**Request No. 26: All documents relating to the manner of calculating the overtime rates of all Plaintiff and similarly situated workers who have worked in excess of forty (40) hours in any week.**

The Court agrees with Defendants that Requests 12 and 73 seek irrelevant information.

**Requests No. 12: All documents relating to the types of PPE used by Plaintiff and similarly situated workers, including pictures of the PPE, specifications (including weight, length, and width), the safety requirement purpose for each PPE, and the Alliance entity that owns or provided each PPE.**

While some type of discovery inquiry regarding PPE may be relevant and reasonable, this request (as written) is excessive and Defendants' relevance objection is sustained.

**Request No. 73: To the extent not already requested, employee Handbooks used at the Hamilton and Pattiki Mines since 2007; changes to those Handbooks; approvals for any changes and involvement in the development, modification and implementation of the policies in the handbooks.**

At the hearing, Plaintiff's counsel explained that "there must be some type of directives to managers who were overseeing workers and recording their time." Defendants have produced the handbooks, but not produced documents reflecting "approvals" and "involvement" for modifications to those handbooks. While modifications to policies regarding time keeping may

be relevant, this Request (as written) seeks modifications to *all* policies, not just those that are relevant to this case.   Defendants' relevance objection is sustained.

## Conclusion

Plaintiff's Motion to Compel (Doc. 161) is GRANTED IN PART AND DENIED IN PART.   Within 30 days, Defendants shall produce documents responsive to Requests #7, #8, #10, #18, #20, #24, and #26.   Plaintiff's Motion is otherwise DENIED.

**IT IS SO ORDERED.**

**DATED: January 19, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**